WIGGINTON, Chief Judge.
Defendant State Revenue Commission has appealed a final judgment which set aside, vacated, and held for naught a tax assessment made under the Florida Revenue Act of 1949 based upon rentals paid by plaintiff on tangible personal property leased by it during the period of time the property was used in Florida. The question presented by this appeal involves an-interpretation of the Florida Revenue Act as applied to the exercise of the taxable privilege of engaging in the business of leasing or renting tangible personal property within this state.
*505 In the latter part of 1961 plaintiff, a nonresident corporation, entered into a long-term lease agreement with United Leasing Corporation, another nonresident corporation, by the terms of which plaintiff rented two dredges to be used in connection with its contracting business. At the time the lease documents were executed neither of the dredges was located within this state. The dredges were leased with the intent of using them wherever plaintiff’s business required such equipment, and although plaintiff was at that time authorized to do business in Florida it had no current intention of using the equipment in Florida unless its operations so required. In 1963 both dredges were brought into this state and used by plaintiff in connection with a contract then being performed by it. Rental payments on the two dredges were made by plaintiff to the leasing corporation during the period of time the dredges were located and performing work in this state. The Florida Revenue Commission assessed against plaintiff a tax, the amount of which was computed upon the basis of all rentals paid while the equipment was physically located in Florida. The validity of this tax was the sole issue presented to the trial court for its decision.
A careful examination of the Florida Revenue Act is necessary in order to determine the validity of the tax assessment in question. Throughout the Act, the Legislature made clear its intent that the tax imposed thereby is for the privilege of engaging in certain defined businesses within the State of Florida, and not upon the separate activities which comprise the business in which the taxpayer is engaged. This is the interpretation placed upon the Act by the Supreme Court in the decision rendered by it in Gaulden v. Kirk[1] and reaffirmed by it in Green v. Panama City Housing Authority.[2]
F.S. section 212.03, F.S.A., declares it to be the legislative intent that every person is exercising a taxable privilege who engages in the business of renting or leasing certain types of real estate, and for such privilege is required to pay a tax in an amount equal to three percent of and on the total rental charged for the property leased or rented.
F.S. section 212.04, F.S.A., declares it to be the legislative intent that every person is exercising a taxable privilege who engages in the business of selling or receiving anything of value by way of admissions, and for such privilege is required to pay a tax in the amount equal to three percent of the sales price or the actual value received for such admissions.
F.S. section 212.05, F.S.A., declares it to be the legislative intent that every person is exercising a taxable privilege who engages in any of the following businesses, to wit:
(a) The business of selling tangible personal property at retail in this state, for the exercise of which privilege there is levied a tax at the rate of three percent of the sales price of each item or article of tangible personal property sold at retail.
(b) The business of renting or furnishing any of the things or services taxable under the Florida Revenue Act or storing for use or consumption in this state any item or article of tangible personal property as defined in the Act, for the exercise of which privilege a tax is levied at the rate of three percent of the cost price of each item or article of tangible personal property *506 when the same is not sold but is used, consumed, distributed, or stored for use or consumption in this state.
(c) The business of leasing or renting tangible personal property as defined in the Act, for the exercise of which privilege a tax is levied at the rate of three percent of the gross proceeds derived from the lease or rental of the property where the leasing or renting of the-property is an established business or part of an established business, or is incidental or germane thereto; and, at the rate of three percent of the lease or rental price paid by the lessee or rentee, or contracted or agreed to be paid by the lessee or rentee, to the owner of the tangible personal property.
F.S. section 212.05(5), F.S.A., provides that the tax levied pursuant to the provisions of the Act shall be collected from the dealer as defined therein and paid at the time and in the manner therein provided.
During the critical time involved in this case both the leasing corporation who owned dredges and plaintiff Western Contracting Corporation who rented them were registered under the Florida Revenue Act as dealers defined by the Act as follows:
“The term ‘dealer’ is further defined to mean any person, as used in this chapter, who leases or rents tangible personal property, as defined in this chapter, for a consideration, permitting the use or possession of said property without transferring title thereto, except as expressly provided for to the contrary herein.” [3]
No question was raised in the trial court, nor is it raised here, as to whether plaintiff as the renter of the dredges is the proper party against whom the tax, if valid, should be levied, or whether the tax is properly leviable only against the owner leasing corporation. Both of the parties to this cause, as well as the trial court, evidently assumed that if the tax is valid, the plaintiff is the one liable for its payment. Since this issue has not been made a point on appeal, we will indulge the same assumption shared by the parties and the trial court, and will assume for the purpose of our decision that plaintiff is liable for payment of the tax assessed against it if it is held that the assessment was validly made.
By its findings of law and facts filed herein the trial court concluded that F.S. section 212.05, F.S.A., referred to above imposes a single tax upon the privilege of engaging in business in Florida, if that business consists of any one or more of the several defined transactions specified in the Act relating to the sale, use, or rental of tangible personal property. The court further concluded that any administrative regulation adopted by the Florida Revenue Commission respecting the application of the Act to any one of the transactions constituting a taxable privilege must be applied uniformly to any other of the specified transactions constituting the exercise of such privilege. Having so concluded, the court points to Rule 318-1.91(2) adopted by the Revenue Commission which is as follows:
“The use tax applies to the use in this state of tangible personal property purchased outside Florida which would have been subject to the sales tax if purchased from a Florida dealer. It is prima facie presumed that articles used in another state for ninety days or longer before being brought into Florida were not purchased for use in Florida.”
It is agreed, and the court so found, that under the above-quoted rule the use tax imposed by F.S. section 212.05, F.S.A., does not apply if the property was purchased and used in another state for 90 days or longer before being brought into Florida for use in this state. By analogy the trial court reasoned, and so held, that if tangible personal property is rented in another state and used there for 90 days or longer before being brought into Florida, then the *507 rental tax computed on the basis of three percent of the rentals paid during the period of time the property is located and used in Florida is likewise not applicable. Based upon this process of reasoning the court held that the tax assessed against plaintiff in this case was invalid and improperly imposed because the dredges in question were rented by plaintiff in another state and used outside of Florida more than 90 days before they were brought into the state for use by plaintiff in the performance of its contract here. It held that the tax is imposed only upon the transaction of leasing measured by the consideration moving from the lessee to the lessor.
It is our view that the trial court erred in the interpretation it placed upon the Revenue Act. We think it to be manifestly clear that the tax assessed against the rentals paid or agreed to be paid for the use of tangible personal property is not'solely for the privilege of entering into a transaction culminating in the execution of a lease of personal property, but is a tax imposed upon the exercise of the privilege of engaging in the business of renting tangible personal property in this state. There can be no question but that the use of the two dredges involved in this case by plaintiff, and the payment of rental thereon to the leasing corporation during the time the dredges were located in Florida, constituted a part of the leasing company’s business, as well as the business of plaintiff. It must be held that the privilege of conducting such business by' both the leasing corporation and plaintiff was a privilege being exercised in this state so long as rental was being paid on the dredges working here. The rental business involving the dredges in question engaged in by the leasing corporation did not consist exclusively in the act of executing the lease documents which occurred outside of this state some two years before the dredges were brought here. Such business also consisted of maintaining sufficient contacts with the lessee and the equipment to make sure that the leased property is properly maintained and protected against waste; that it is kept in an acceptable state of repair; that it is covered by insurance sufficient to protect the interest of the owner; and most importantly, that the rents for the use of the dredges are paid by the lessee as they periodically accrue under the terms of the lease. Our conclusion that liability for payment of the tax on rentals is not controlled by the single factor of when the lease or rental agreement is consummated is fortified by reference to that provision of the Revenue Act which fixes the specific time at which the taxable transaction occurs which forms the basis for computing the sales and use taxes levied under F.S. section 212.05, F.S.A., and which is as follows:
“The aforesaid tax at the rate of three per cent of the retail sales price, as of the moment of sale, or three percent of the cost price, as of the moment of purchase, or three per cent of the cost price, as of the moment of commingling with the general mass of property in this state, as the case may be, shall be collectible from all dealers as herein defined on the sale at retail, the use, the consumption, the distribution and the storage for use or consumption in this state, of tangible personal property. The full amount of the tax on credit sales, installment sales and sales made on any kind of deferred payment plan shall be due at the moment of the transaction in the same manner as a cash sale. * * * ”[4] (Emphasis supplied)
It appears from the above-quoted provision of the Act that the Legislature was meticulous in specifying the precise moment in the transaction at which the sales or use tax accrues. It is significant that the Legislature omitted from this statute any provision fixing the moment at which a lease or rental agreement is consummated to be the precise moment in the transaction *508 at which the tax on rentals accrues. The refusal of the Legislature to specify that the date on which the lease or rental agreement is executed is the point in the transaction at which the tax on rental of personal property shall accrue leads to the conclusion that such was never intended.
Under the construction placed upon the Act by the trial court, plaintiff is immunized from liability for payment of the tax on the rentals paid for use of the dredges while they were in Florida solely because the lease or rental agreement between it and the leasing corporation was consummated outside of the state at a point in time more than 90 days before the dredges were brought into this state for use here. It is observed throughout F.S. section 212.05, F.S.A., that the words “lease and rent,” “lease and rental,” and “lessee and rentee” are employed in such manner as to require that each be accorded equal and uniform legal significance in the administration of the Act. Expressed differently, it clearly appears to be the legislative intent that the tax is to be computed at the rate of three percent on the amount paid by the user of tangible personal property to the owner thereof, whether the legal relationship between them is that of lessor-lessee, or owner-rentee. Under the interpretation placed by the trial court upon the Revenue Act, a person renting tangible personal property without a lease but under an agreement to pay periodic installments of rent so long as he uses it would escape payment of the tax on property rented and used in Florida if his agreement to rent the property was entered into outside of this state more than 90 days before the property was brought into the state for his use. This, despite the fact that their relationship was terminable at the end of any rent payment period. We do not believe this to be the legislative intent in the enactment of the statute under consideration. It is our view that any one engaging in the business of renting tangible personal property which is located in the State of Florida is exercising a taxable privilege and is liable for payment of the tax imposed by F.S. section 212.05, F.S.A., so long as the property remain situate within the confines of this state. Under our view of the statute, it is wholly immaterial where the lease of the property is executed or the rental agreement is entered into between the parties, or at what point of time such agreements are reached in relation to entry of the property into the State of Florida for use by the renter.
Following adoption by the Legislature of the Revenue Act, the Comptroller, predecessor to appellant Florida Revenue Commission, adopted Rule 318-1.71(4) which provides as follows:
“If the lessee of tangible personal property removes the property from the State of Florida, rentals charged subsequent to such removal are not taxable. Rentals charged and paid while the property is in Florida are taxable, even though the property is moved from the State immediately after the lessee takes possession of it. This does not apply to motor vehicles.”
Implemented by the foregoing rule, the Revenue Act has been consistently interpreted by the Comptroller and the Revenue Commission and applied in such manner as to require the payment of the tax involved herein by all lessees and rentees of tangible personal property under circumstances comparable to those shown by this record. Such interpretation treats as irrelevant the time or place at which the lease or rental agreement is consummated. Nine sessions of our state legislature have convened and adjourned during which the Revenue Commission has so interpreted and administered the Act with respect to the tax on rentals of tangible personal property, and no amendment has been made to the Act requiring that the Act be administered in a manner contrary to that adopted by the Commission in this case. Such administrative construction, although not conclusive, is highly persuasive.
*509 In Warnock v. Florida Hotel and Restaurant Commission[5] the Third District Court of Appeal said:
“The law is well established that contemporaneous construction of a statute by those charged with its enforcement and interpretation is entitled to great weight, and that courts will not depart from such construction unless it is clearly erroneous. United States Gypsum Company v. Green, Fla.1959, 110 So.2d 409.”
To the same effect is the holding in Green v. Hood[6] in which the Second District Court of Appeal said:
“Even though it is not binding upon the courts, yet when not in conflict with the constitution or the plain intent of the legislative act, the practical construction placed upon a statute by an administrative department of the state government is entitled to great persuasive force and efficacy; and a court will not depart from such construction except for the most cogent reasons and unless clearly erroneous. Especially is this so when established by long usage. Green v. Stuckey’s of Fanning Springs, Inc., Fla.1957, 99 So.2d 867; and State ex rel. Fronton Exhibition Co. v. Stein, 1940, 144 Fla. 387, 198 So. 82. Specifically, the principle thus stated applies to the rules employed by the comptroller in the interpretation of sales and use tax statutes. L. B. Smith Aircraft Corp. v. Green, Fla.1957, 94 So.2d 832. Since it appears that the excluded testimony was relevant to the material issues of the cause, it should have been admitted.”
For the foregoing reasons we hold that the tax assessed by the appellant Commission against appellee was in conformity with the letter, spirit, and intent of the Florida Revenue Act, for which payment appellee is liable. The judgment appealed is reversed and the cause remanded with directions that an appropriate judgment be entered in accordance with the holding and views expressed herein.
CARROLL, DONALD K., and RAWLS, JJ-, concur.

. Gaulden v. Kirk, (Fla.1950) 47 So.2d 567.

. Green v. Panama City Housing Authority, (Fla.1959) 115 So.2d 560, 561.
“ ‘We have previously determined that the tax levied by Chapter 26319, Acts of the Florida Legislature of 1949 at its Special Session [F.S.A. § 212.01 et seq.] is not a property tax, but is a privilege or occupation tax; that the tax is levied upon the privilege of engaging in certain businesses or occupations; that the merchant (or, as here, landlord) is the one who is required to pay the tax to the State and all penalties provided in the law run against him. * *
See also Ryder Truck Rental, Inc. v. Bryant, (Fla.1964) 170 So.2d 822.

. F.S. § 212.06(2) (e), F.S.A.

. F.S. § 212.06(1), F.S.A.

. Warnock v. Florida Hotel and Restaurant Commission, (Fla.App.1965) 178 So.2d 917, 918.

. Green v. Hood, (Fla.App.1960) 120 So.2d 223, 226.