WIGGINTON, Judge.
Appellees in this consolidated appeal each brought separate action against appellant Florida Revenue Commission seeking a judicial declaration of their right to a refund of a tax on rentals paid by them to appellant under protest. From a summary final judgment granting appel-lees the relief prayed, appellants bring these appeals.
The controlling facts upon which summary disposition of these cases was made are not in dispute. Prior to April 1, 1968, each appellee rented space in commercial buildings pursuant to the terms of written *850 leases by which rent for the space so occupied by them was payable to the owners of the buildings in periodic installments. These leases covered periods of time extending substantially beyond April 1, 1968.
A special session of the 1968 Legislature amended the Florida Revenue Act of 1949, F.S., Chapter 212, F.S.A., by extending the rental tax provided therein to cover rental of commercial buildings.[1] This amendment to the statute became effective on April 1, 1968.
In implementation of the foregoing amendment to the Revenue Act, the Commission on or about April 1, 1968, adopted Rule 318-1.70 which provides as follows.
“Tenants with leases in effect prior to April 1, 1968, which provide for payments to be made on and after April 1, 1968, cannot avoid tax by prepaying prior to April 1, 1968, those payments of rental provided by the lease to be paid on and after April 1, 1968.”
In discharging the obligations assumed by them under their leases, it was not the usual practice of appellees to prepay rent to the owners of the commercial buildings occupied by them prior to the time the rental payments matured and became due under the terms of their respective leases. Despite their usual practice appellees, prior to April 1, 1968, prepaid substantial sums of rent which were not yet due but which would become payable for the use and occupancy of the buildings they occupied over an extended period of time subsequent to April 1, 1968. The purpose of these prepayments was admittedly to avoid liability for payment of the rental tax imposed pursuant to the 1968 amendment to the Revenue Act which would accrue and become due on all rentals paid subsequent to April 1, 1968.
Upon demand by appellant Commission, appellees paid under protest the tax on the amount of rentals prepaid by them prior to April 1, 1968. By their respective suits for declaratory relief they successfully contended that since the amount of rental in dispute was prepaid prior to the effective date of the Act, the amount so paid was not subject to the tax on rentals payable after the effective date of the amendment. In the declaratory judgment appealed herein the trial court found:
“ * * * the Court hereby declares and determines that the provisions of Chapter 68-27, Laws of Florida (1968, extra session), amending Chapter 212, Florida Statutes [F.S.A.], is inapplicable to commercial realty rentals paid by the Plaintiffs prior to April 1, 1968, and that the Plaintiffs are entitled to a refund of any taxes paid by them to the Defendants with respect to such rentals.”
The foregoing conclusion was based upon the finding and determination by the trial court that the tax on commercial realty rentals imposed by the 1968 amendment to the Florida Revenue Act is a tax on “rents payable”, and that it is the incident of payment and receipt of the rental charged that constitutes the taxable transaction and creates the tax liability. Such finding is premised upon that section of the Act which provides:
“The tax provided for herein shall be in addition to the total amount of the *851 rental and shall be charged by the lessor or person receiving the rent in and by said rental arrangement to the lessee or person paying the rental, and shall be due and payable at the time of the receipt of such rental payment by the lessor or person, as defined in this chapter, who receives said rental or payment. * * * ” [2]
It is obvious that since the amount of rental in question was prepaid prior to the effective date of the amendment imposing the tax, the trial court reasoned that such rental did not become due and payable after the effective date of the Act and, therefore, appellees incurred no liability for any tax on account of such payment.
We are unable to agree with the trial court that the tax in question imposed by the 1968 amendment to the Florida Revenue Act is a tax on “rents payable”. The clear legislative intent as expressed in the Act is to levy an excise tax on the privilege of engaging in the business of renting or leasing commercial offices or buildings.[3] The term “business” as defined in the Act includes any activity engaged in by any person with the object of gain, benefit or advantage, the term “business” being declared to include charges for the rental of commercial offices or buildings as defined in the chapter.[4] The business of renting or leasing commercial offices or buildings includes a number of interdependent and interrelated activities, including but not limited to the procurement of tenants, the preparation and execution of leases, the supervision, maintenance and upkeep of the leased premises, the payment of taxes and assessments levied against the premises, t,he maintenance of adequate insurance to protect the interest of those entitled to protection under the terms of the leases; and lastly, but not of least importance, is the collection of the rentals called for in the leases between the landlord and his tenants. It is the exercise of the privilege of engaging in such business activity that is made the subject of the tax in question. The amount of tax to be paid is measured by the amount of rentals received, and is the sum equivalent to four percent of the rentals charged and paid.[5]
The foregoing interpretation of the Florida Revenue Act is consistent with that reached by the Supreme Court in Gaulden v. Kirk[6] in which the provision imposing a tax on the privilege of engaging in the business of renting transient living or sleeping quarters was considered. In that case the court said:
“The tax levied by the statute here under attack is none the less an excise tax, because the amount of the tax to be paid is measured by the compensation received for the merchandise sold or services rendered. * * * Moreover, the tax here involved is not an income tax. Although the tax is determined upon the price charged for the merchandise or services, it is not a tax upon the personal property or services, but upon the privilege of selling the same, and it is measured by the extent to which the privilege is enjoyed. * * * ”
Likewise, a similar interpretation was placed upon the Act by this court in *852 Green v. Panama City Housing Authority [7] in which we said:
“Even the most cursory reading of the foregoing provisions impels the conclusion that the tax provided for is on the privilege of engaging in rental business with the customary profit motive, which is the motivating force behind most all business ventures. It follows, since it is the landlord and not the tenant w.ho ‘engages in the business’, that the tax was intended to be imposed on the landlord.”
In Kirk v. Western Contracting Corporation [8] this court was concerned with an interpretation of that provision of the Florida Revenue Act imposing a tax on the exercise of the privilege of engaging in the business of leasing or renting tangible personal property within this state. The trial court held that the tax imposed by the Revenue Act was upon the single and isolated transaction of entering into the lease agreement, and since the lease there in question was entered into outside of Florida at a time when the personal property described in the lease was located outside of this state, the transaction was not taxable. In reversing the trial court, we held:
“A careful examination of the Florida Revenue Act is necessary in order to determine the validity of the tax assessment in question. Throughout the Act, the Legislature made clear its intent that the tax imposed thereby is for the privilege of engaging in certain defined businesses within the State of Florida, and not upon the separate activities which comprise the business in which the taxpayer is engaged. This is the interpretation placed upon the Act by the Supreme Court in the decision rendered by it in Gaulden v. Kirk and reaffirmed by it in Green v. Panama City Housing Authority.”
;¡í >]í %
“ * * * We think it to be manifestly clear that the tax assessed against the rentals paid or agreed to be paid for the use of tangible personal property is not solely for the privilege of entering into a transaction culminating in the execution of a lease of personal property, but is a tax imposed upon the exercise of the privilege of engaging in the business of renting tangible personal property in this state. There can be no question but that the use of the two dredges involved in this case by plaintiff, and the payment of rental thereon to the leasing corporation during the time the dredges were located in Florida, constituted a part of the leasing company’s business, as well as the business of plaintiff. It must be held that the privilege of conducting such business by both the leasing corporation and plaintiff was a privilege being exercised in this state so long as rental was being paid on the dredges working here. The rental business involving the dredges in question engaged in by the leasing corporation did not consist exclusively in the act of executing the lease documents which occurred outside of this state some two years before the dredges were brought here. Such business also consisted of maintaining sufficient contacts with the lessee and the equipment to make sure that the leased property is properly maintained and protected against waste; that it is kept in an acceptable state of repair; that it is covered by insurance sufficient to protect the interest of the owner; and most importantly, that the rents for the use of the dredges are paid by the lessee as they periodically accrue under the terms of the lease. * * * ”
Furthermore, we are unable to agree with the trial court, as recited in the judgment appealed, that it is the incident of payment and receipt of the rental charged that constitutes the taxable transaction *853 and creates the tax liability under the amendment to the Revenue Act. The trial court was persuaded to this view because of the provision of the Act which declares that: “The tax * * * shall be due and payable at the time of the receipt of such rental payment by the lessor or person, as defined in this chapter, who receives said rental or payment.”[9] The quoted provision of the Act is primarily for the protection of the landlord and relieves him from liability for payment of the tax unless and until the rental is actually received by him. Secondarily, the purpose of this provision of the statute is to provide an orderly procedure by fixing the time when the rental tax shall be reported and transmitted to the Revenue Commission. The trial court evidently concluded that since the prepayment of the rental took place prior to the effective date of the Act, there was no rental tax due and payable at the time the prepayment was received by the landlord and, therefore, no liability for the payment of such a tax arose. The answer to this contention is that if the appellees elected, with the consent of their landlord, to prepay rental prior to the effective date of the Act as a consideration for the use and occupancy of the commercial buildings to be enjoyed after the effective date of the Act, such prepayment should have included the rental tax imposed by the amendment. This is so for the reason that the taxable privilege of engaging in the business of renting space in the commercial buildings by the landlord was exercised in each of the months subsequent to the effective date of the Act on April 1, 1968, for which rent was prepaid. As herein-before stated, the tax is upon the privilege of engaging in this business and not on the isolated act of receiving the rental paid. Since the consideration for the prepaid rentals was not provided by the landlord until after the effective date of the Act in pursuance of his enjoyment of the privilege of engaging in the business of renting the buildings to appellees, the prepaid rent should have included the tax, and liability therefor is not avoided merely because prepayment was made prior to the effective date of the Act.
The judgments appealed are accordingly reversed and the causes remanded with directions that an appropriate judgment be entered dismissing the respective complaints and causes of action brought by appellees.
Reversed.
CARROLL, DONALD K., Acting C. J., concurs.
RAWLS, J., dissents.

. F.S. Section 212.03(1) (a) (b), F.S.A.
“(a) It is hereby declared to be the legislative intent that every person is exercising' a taxable privilege who engages in the business of renting, leasing or letting * * * any commercial offices or buildings, as hereinbefore defined in this chapter and the tenant actually occupying using or entitled to the use of any property, the rentals from which are subject to taxation under any of the provisions of Chapter 212.03, Florida Statutes, shall pay this tax to his, her or its immediate landlord or other person granting the right to such tenant to occupy or use such property. * * *
“(b) For the exercise of said privilege a tax is hereby levied as follows: In the amount equal to four per cent (4%) of and on the total rental charged for * * * any commercial offices or buildings, as hereinbefore defined in this chapter * *

. F.S. § 212.03(2), F.S.A.

. F.S. § 212.03(1) (a), F.S.A.
“It is hereby declared to be the legislative intent that every person is exercising-a taxable privilege who engages in the business of renting, leasing * * * any commercial offices or buildings, as here-inbefore defined in this chapter * *

. F.S. § 212.02(9), F.S.A.

. F.S. § 212.03(1) (b), F.S.A.
“For the exercise of said privilege a tax is hereby levied as follows: In the amount equal to four per cent (4%) of and on the total rental charged for * * * any commercial offices or buildings, as hereinbefore defined in this chapter * *

. Gaulden v. Kirk (Fla.1950), 47 So.2d 567, 574.

. Green v. Panama City Housing Authority (Fla.App.1959), 110 So.2d 490, 491, cert. denied 115 So.2d 560 (Fla.).

. Kirk v. Western Contracting Corporation (Fla.App.1968), 216 Ko.2d 503, 505, 507.

. F.S. § 212.03(2), F.S.A.