PER CURIAM.
This is an appeal from a final judgment which approves in part and disapproves in part an arbitration award entered to resolve a dispute between the parties over the terms of a collective bargaining agreement. We affirm.
The appellant first disputes the finding of the trial court that the arbitrator exceeded his authority in concluding that certain employees were covered by the collective bargaining agreement despite a final and binding determination by the Public Employees Relations Commission to the contrary. The appellant was also a party to the proceedings before the Commission, and, under the circumstances of this case, we believe bound by the holding of the Commission which was neither appealed or otherwise challenged.
The appellant also claims the trial court erred in failing to set aside a provision of the arbitrator’s award. An arbitrator’s award is entitled to a high degree of conclusiveness and should be disturbed only when a clear showing has been made that the arbitrator has exceeded the authority granted to him. Bankers & Shippers Insurance Company v. Gonzalez, 234 So.2d 693 (Fla. 3d DCA 1970). The provision of the award challenged by appellant involves the construction and application of a provision of the bargaining agreement. After examining the provision in question and the arbitrator’s findings we are unable to conclude that the arbitrator acted beyond his authority. We, therefore, affirm the trial court’s judgment on this issue.
Finally, the appellant disputes the trial court’s interpretation of another provision of the arbitrator’s award which determined that employees were entitled to include their lunchtime as a portion of the employee’s standard workday as defined in the bargaining agreement. The arbitrator found that the appellee had been erroneously computing the hourly rate of compensation of employees by excluding the one-half hour lunch period, and he directed that this computation be corrected to include the lunchtime as part of the workday. We are not certain as to the arbitrator’s intentions as to the effect of this computation on particular employees and apparently no effort was made to seek a clarification of his ruling. However, we are unable to conclude on the record before us that the trial court erred in failing to direct that all employees should receive additional compensation, beyond the amounts provided for in their annual contracts, for their lunchtime service. The appellee has conceded in its brief that some employees would be entitled to compensation but no specific employee's claim was presented to the arbitrator or the trial court.
Accordingly, the judgment of the trial court is affirmed.
LETTS, C. J., and ANSTEAD and MOORE, JJ., concur.