419 So.2d 1186 (1982)
Dorothy B. OVEN, Appellant,
v.
John DAWIRS, Appellee.
No. AJ-313.
District Court of Appeal of Florida, First District.
October 6, 1982.
W.J. Oven, Jr. of Oven, Gwynn & Lewis, Tallahassee, for appellant.
Everett P. Anderson, Tallahassee, for appellee.
*1187 JOANOS, Judge.
This appeal involves the apparently novel question of whether, when a commercial lease is silent as to the party responsible for payment of the tax imposed by Section 212.03, Florida Statutes, the burden of payment falls on the landlord or the tenant. We affirm the judgment of the trial court and adopt the reasoning for the result expressed in the final judgment.
Section 212.031(3) provides, in pertinent part:
The tax imposed by this section shall be in addition to the total amount of the rental and shall be charged by the lessor or person receiving the rent in and by a rental arrangement with the lessee or person paying the rental and shall be due and payable at the time of the receipt of such rental payment by the lessor or other person who receives said rental or payment. (e.s.)
The trial court concluded:
[W]here the parties have failed to make provision for the burden of the payment of sales tax in the agreement entered into between them, ... such burden rests upon the lessor. We reach this conclusion for the reason that the lessor bears ultimate responsibility and liability to the State for the payment of such tax and for the further reason that Section 212.031(1)(a), F.S. declares that it is the legislative intent that a person is exercising a taxable privilege who engages in the business of renting, leasing or letting any real property. We construe this to be a direction that the tax is one levied on the lessor.
Appellee has brought to our attention the following additional support for the conclusion reached by the trial court: Green v. Panama City Housing Authority, 115 So.2d 560 (Fla. 1959); Gaulden v. Kirk, 47 So.2d 567 (Fla. 1950); Florida Department of Revenue v. Maas Brothers, Inc., 226 So.2d 849 (Fla. 1st DCA 1969); and Kirk v. Western Contracting Corp., 216 So.2d 503 (Fla. 1st DCA 1968). In each case the court noted that the tax involved is imposed on the privilege of engaging in the business of renting or leasing the property in question.
The final judgment is AFFIRMED.
LARRY G. SMITH and SHAW, JJ., concur.