JORGENSON, Judge.
William L. Noriega appeals from a final judgment confirming an arbitrator’s award which found that Noriega as lessor had the burden of paying sales tax pursuant to a commercial lease with lessee Schnurmacher Holding, Inc. For the reasons which follow, we reverse.
Noriega leased a commercial property to Schnurmacher in 1985. The written lease agreement shifted the burden from Noriega to Schnurmacher for the payment of ad valorem taxes assessed against the property. There was no provision obligating either party to pay "the sales tax imposed by section 212.031, Florida Statutes (1985).[1] Noriega and Schnurmacher agreed to submit their dispute regarding the obligation to pay the sales tax to arbitration. Following a hearing, the arbitrator entered an award which concluded that “absent a specific assumption or requirement by the Lessee set forth in the lease agreement, it is the obligation of the Lessor to pay the sales tax on the rental payments he receives under the lease.” Noriega filed a motion to vacate, modify, and correct the arbitrator’s award. He argued that the arbitrator had exceeded his authority by rewriting the contract between the parties in a way that contravened section 212.-031(2)(a), Florida Statutes (1985).[2] Schnur-macher responded that no basis existed to change the award because the arbitrator had merely interpreted the statute to require a specific assumption by the tenant before the tenant could be obligated to pay the sales tax.
The trial court entered a final judgment confirming the arbitrator’s award. The trial court found that it was bound, as was the arbitrator, by Oven v. Dawirs, 419 So.2d 1186 (Fla. 1st DCA 1982), despite its view that Oven was “fundamentally erroneous.”
In Oven, the court held that when a commercial lease was silent as to the party responsible for payment of sales tax, the burden of payment fell on the landlord rather than the tenant. Affirming the *30 judgment for the tenant, the court quoted with approval the trial court’s reasoning:
We reach this conclusion for the reason that the lessor bears ultimate responsibility and liability to the State for the payment of such tax and for the further reason that Section 212.031(1)(a), F.S. declares that it is the legislative intent that a person is exercising a taxable privilege who engages in the business of renting, leasing or letting any real property. We construe this to be a direction that the tax is one levied on the lessor.
Oven, 419 So.2d at 1187.
We agree with the trial court in the instant case that the Oven decision is erroneous. “The Constitution and laws of this State are a part of every contract.” Board of Pub. Instruction of Dade County v. Town of Bay Harbor Islands, 81 So.2d 637, 643 (Fla.1955). Section 212.031(2)(a) is, therefore, a part of the lease agreement between Noriega and Schnurmacher. The statute clearly places the burden on the tenant to pay the sales tax. The Oven court cited section 212.031(3), Florida Statutes (1985),[3] as support for the proposition that because the landlord has the duty to remit the tax he automatically bears the burden of payment. Our reading of section 212.031(3), however, compels the conclusion that the statute merely designates the landlord as the agent for collecting and remitting the taxes to the Department of Revenue. Contrary to Oven and Spacelink of Florida, Inc. v. Golden Lakes Village Ass’n, 505 So.2d 32 (Fla. 4th DCA 1987), we hold that section 212.031(2)(a) mandates that, in the absence of an opposing contractual provision, the tenant in a commercial lease must pay the sales tax, which the landlord is obligated to collect and remit. We acknowledge that our decision is in direct conflict with Oven and Spacelink.
Because the appeal arises from a final judgment entered upon an arbitrator’s award, we address Schnurmacher’s contention that the trial court erred in considering Noriega’s motion to vacate, modify, and correct the arbitrator’s report. Schnur-macher claims that because the arbitrator had not committed any of the transgressions proscribed by sections 682.13(1)(a)-(e), Florida Statutes (1985), none of the limited grounds for vacating the arbitration award existed.[4] Schnurmacher is correct in its observation that the statutorily enumerated grounds for vacating an arbitration award are absent here. We also reject Noriega’s claim that the arbitrator exceeded his powers in contravention of section 682.13(1)(c). See SAC Constr. Co. v. Milam Dairy Assocs., 481 So.2d 28 (Fla. 3d DCA 1985); School Bd. of Seminole Coun *31 ty v. Cornelison, 406 So.2d 484 (Fla. 5th DCA 1981), rev. denied, 421 So.2d 67 (Fla.1982). However, we find that both the trial court and the arbitrator misapplied section 212.031, thereby constituting grounds for our reversal as a matter of law.
Accordingly, the final judgment is reversed and remanded for further proceedings consistent with this opinion.
Reversed and remanded; conflict certified.

.Section 212.031, Florida Statutes (1985), sets forth the duty to pay sales tax on a commercial lease as follows:
212.031 Lease or rental of real property.—
(l)(a) It is declared to be the legislative intent that every person is exercising a taxable privilege who engages in the business of renting, leasing, or letting any real property unless such property is:
1. Assessed as agricultural property under s. 193.461.
2. Used exclusively as dwelling units.
3. Property subject to tax on parking, docking, or storage spaces under s. 212.03(6).
[[Image here]]
(c) For the exercise of such privilege, a tax is levied in an amount equal to 5 percent of and on the total rent charged for such real property by the person charging or collecting the rental....

. Section 212.031(2)(a), Florida Statutes (1985), provides:
212.031 Lease or rental of real property-—
[[Image here]]
(2)(a) The tenant actually occupying, using, or entitled to the use of any property the rental from which is subject to taxation under this section shall pay the tax to his immediate landlord or other person granting the right to such tenant to occupy or use such real property-

. The statute provides:
212.031 Lease or rental of real property—
[[Image here]]
(3) The tax imposed by this section shall be in addition to the total amount of the rental and shall be charged by the lessor or person receiving the rent in and by a rental arrangement with the lessee or person paying the rental and shall be due and payable at the time of the receipt of such rental payment by the lessor or other person who receives the rental or payment. The owner, lessor, or person receiving the rent shall remit the tax to the department at the times and in the manner hereinafter provided for dealers to remit taxes under this chapter....
§ 212.031(3), Fla.Stat. (1985).

. The grounds for vacating an arbitration award are as follows:
682.13 Vacating an award.—
(1) Upon application of a party, the court shall vacate an award when:
(a) The award was procured by corruption, fraud or other undue means.
(b) There was evident partiality by the arbitrator appointed as a neutral or corruption in any of the arbitrators or umpire or misconduct prejudicing the rights of any party.
(c) The arbitrators or the umpire in the course of his jurisdiction exceeded their powers.
(d) The arbitrators or the umpire in the course of his jurisdiction refused to postpone the hearing upon sufficient cause being shown therefor or refused to hear evidence material to the controversy or otherwise so conducted the hearing, contrary to the provisions of s. 682.06, as to prejudice substantially the rights of a party.
(e) There was no agreement or provision for arbitration subject to this law, unless the matter was determined in proceedings under s. 682.03 and unless the party participated in the arbitration hearing without raising the objection....
§§ 682.13(1)(a)-(e), FIa.Stat. (1985).