542 So.2d 1327 (1989)
SCHNURMACHER HOLDING, INC., Petitioner,
v.
William L. NORIEGA, Respondent.
No. 72994.
Supreme Court of Florida.
May 4, 1989.
Arthur J. England, Jr., Charles M. Auslander and Joanne M. Rose of Fine, Jacobson, Schwartz, Nash, Block & England, Miami, for petitioner.
Barry Richard of Roberts, Baggett, LaFace & Richard, Tallahassee, and Irving B. Levenson of Buchbinder & Elegant, P.A., Miami, for respondent.
KOGAN, Justice.
We have for review Noriega v. Schnurmacher Holding, Inc., 528 So.2d 28 (Fla. 3d DCA 1988), based on certified conflict with Oven v. Dawirs, 419 So.2d 1186 (Fla. 1st DCA 1982), and Spacelink of Florida, Inc. v. Golden Lakes Village Ass'n, 505 So.2d 32 (Fla. 4th DCA 1987). We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.
In 1985, Noriega leased a commercial property to Schnurmacher. The terms of the written lease agreement shifted the burden from Noriega to Schnurmacher for the payment of ad valorem taxes assessed against the property. However, there was no provision obligating either party to pay *1328 the sales tax on the lease imposed by section 212.031, Florida Statutes (1985). The parties agreed to submit their dispute regarding the obligation to pay the sales tax to arbitration. The arbitrator concluded that in the absence of a specific assumption by or requirement of the lessee set forth in the lease agreement, the obligation is on the lessor to pay the sales tax on the rental payments received under the lease. Noriega filed a motion in circuit court to vacate, modify, and correct the arbitrator's award. Noriega argued that the arbitrator had exceeded his authority because his decision resulted in a rewrite of the contract between the parties in a manner that contravened section 212.031(2)(a), Florida Statutes (1985). Schnurmacher responded that no basis existed to change the award because the arbitrator had merely interpreted the statute as requiring a specific assumption by the lessee before the lessee could be obligated to pay the sales tax.
The trial court entered a final judgment confirming the arbitrator's award. The trial court found that it was bound, as was the arbitrator, by Oven despite its view that Oven was "fundamentally erroneous." On appeal the district court agreed with the trial court's view of Oven. However, because the appeal arose from a final judgment entered upon an arbitrator's award, the third district addressed whether it was error for the trial court to consider Noriega's motion. The district court found that none of the statutorily enumerated grounds of section 682.13(1), Florida Statutes (1985), existed for vacating the award and further found that the arbitrator had not exceeded his powers. Nonetheless, the district court held that both the trial court and the arbitrator had misapplied section 212.031, and therefore reversed as a matter of law.
Section 682.13(1) sets forth the only grounds upon which an award of an arbitrator in a statutory arbitration proceeding may be vacated: (a) the award is procured by corruption, fraud or other undue means; (b) there is partiality by an arbitrator or other misconduct prejudicing the rights of any party; (c) the arbitrator exceeded his powers; (d) the arbitrator refuses to hear evidence material to the controversy or to postpone the hearing when sufficient cause is demonstrated; or (e) there is no agreement or provision for arbitration. § 682.13(1)(a)-(e), Fla. Stat. (1985). The statute further provides that "the fact that the relief was such that it could not or would not be granted by a court of law or equity is not ground for vacating or refusing to confirm the award." § 682.13(1)(e). Additionally, it is well settled that "the award of arbitrators in statutory arbitration proceedings cannot be set aside for mere errors of judgment either as to the law or as to the facts; if the award is within the scope of the submission, and the arbitrators are not guilty of the acts of misconduct set forth in the statute, the award operates as a final and conclusive judgment." Cassara v. Wofford, 55 So.2d 102, 105 (Fla. 1951). See also District School Bd. v. Timoney, 524 So.2d 1129 (Fla. 5th DCA 1988); Prudential-Bache Securities, Inc. v. Shuman, 483 So.2d 888 (Fla. 3d DCA 1986); McDonald v. Hardee County School Bd., 448 So.2d 593 (Fla. 2d DCA), review denied, 456 So.2d 1181 (Fla. 1984); Newport Motel, Inc. v. Cobin Restaurant, Inc., 281 So.2d 234 (Fla. 3d DCA 1973). As the third district recognized, none of the statutorily enumerated grounds are present in this case. Thus, in the absence of one of the five factors set forth in the statute, neither a trial court nor a district court of appeal has the authority to overturn the award.
The reasons underlying the need for finality of arbitration awards were expressed in Johnson v. Wells, 72 Fla. 290, 297; 73 So. 188, 190-91 (1916):
The reason for the high degree of conclusiveness which attaches to an award made by arbitrators is that the parties have by agreement substituted a tribunal of their own choosing for the one provided and established by law, to the end that the expense usually incurred by litigation may be avoided and the cause speedily and finally determined. To permit the dissatisfied party to set aside the award and invoke the judgment of the court upon the merits of the cause would *1329 be to render it merely a step in the settlement of the controversy, instead of a final determination of it.
These reasons, articulated by this Court over seventy years ago, remain relevant under today's arbitration legislation. As petitioner notes, the finality and enforceable nature of an arbitration award is a characteristic of arbitration that distinguishes it from other forms of alternative dispute resolution. To allow judicial review of the merits of an arbitration award for any reasons other than those stated in section 682.13(1) would undermine the purpose of settling disputes through arbitration. We find it incumbent to adhere to the long-standing principle of finality of arbitration awards in order to preserve the integrity of the arbitration process as a means of alternative dispute resolution.
We recognize, as respondent pointed out at oral argument, that after Cassara the legislature revised the Florida Arbitration Code (former chapter 57). In doing so, the legislature added section 682.13(1) (former section 57.22, Florida Statutes (1957)), which lists the grounds upon which an award may be vacated. Section 682.13(1)(c) declares that an arbitration award may be vacated if it is shown that the arbitrator exceeded his or her power. Respondent now urges us to interpret subsection (c) to include that if an arbitrator departs from the accepted rule of law, then the arbitrator's award can be vacated on the ground that the arbitrator exceeded his or her power. However, our view is that an arbitrator exceeds his or her power under subsection (c) when he or she goes beyond the authority granted by the parties or the operative documents and decides an issue not pertinent to the resolution of the issue submitted to arbitration. See International Medical Centers, Inc. v. Sabates, 498 So.2d 1292 (Fla. 3d DCA), review denied, 508 So.2d 14 (Fla. 1987); Broward County Paraprofessional Ass'n v. McComb, 394 So.2d 471 (Fla. 4th DCA 1981); Dubbin v. Equitable Life Assurance Society of the United States, 234 So.2d 693 (Fla. 4th DCA), cert. denied, 238 So.2d 423 (Fla. 1970).
In this case the arbitrator was asked to determine which party had the obligation to pay the sales tax on the lease, and this is the only issue the arbitrator resolved. Once the parties agreed to submit their dispute to arbitration under the Florida Arbitration Code, they were bound by the decision of the arbitrator. No showing has been made that the arbitrator acted outside his jurisdiction. Absent that showing the award cannot be vacated under section 682.13(1)(c).
The facts of this case make it unnecessary to examine the merits of Oven. However, we find that we must, as a matter of great public importance, disapprove that decision. In Oven the First District Court of Appeal held that when a commercial lease is silent as to the party responsible for payment of the tax imposed by section 212.03, Florida Statutes,[*] the obligation to pay the tax is on the lessor. Oven, 419 So.2d at 1187. It is evident from the language of both section 212.03 and section 212.031 that the burden is on the lessor to remit the tax to the state. §§ 212.03(2), 212.031(3). We believe it is equally clear that the plain language of these statutes and the public policy of this state require the lessee to pay the tax. §§ 212.03(2), 212.031(2)(a), 212.031(3). Gaulden v. Kirk, 47 So.2d 567 (Fla. 1950). The statute imposes a duty on the lessor or other person receiving the rental payments under the lease agreement to collect the tax from the lessee "in addition" to the rent. §§ 212.03(2), 212.031(3).
Notwithstanding that section 212.031 places the obligation to pay the sales tax on the lessee, the award of the arbitrator in this case cannot be vacated. As we have stated, under section 682.13(1) and our case law the standard of judicial review of statutory arbitration awards is extremely limited. An award of arbitration may not be reversed on the ground that the arbitrator made an error of law. Cassara, 55 So.2d at 105. "[I]f ... the arbitrators are not guilty of the acts of misconduct set forth in *1330 the statute, the award operates as a final and conclusive judgment, and  however disappointing it may be  the parties must abide by it." Id. Accordingly, we quash the decision of the district court and remand with directions to confirm the arbitrator's award. Furthermore, for the reasons expressed in this opinion, we disapprove the decision of the first district in Oven v. Dawirs.
It is so ordered.
EHRLICH, C.J., and OVERTON, SHAW and GRIMES, JJ., and DOUGLASS B. SHIVERS and J. KLEIN WIGGINTON, Associate Justices, concur.
NOTES
[*] Section 212.03, Florida Statutes (1985), imposes a tax on transient rentals.