590 So.2d 954 (1991)
The KEYES CO., a Florida corporation, Appellant,
v.
Manuel GOMEZ and M & M Aerospace, Inc., Appellees.
No. 90-2831.
District Court of Appeal of Florida, Third District.
November 19, 1991.
Rehearing Denied January 28, 1992.
*955 Friedlander & Associates, P.A., and Bruce D. Friedlander, Miami, for appellant.
Rodriguez, Benitez & De La Pena, and Emilio Benitez, and Bentata Hoet & Associates, and Zamora Segall Lacasa Schere, and Norman Segall, Miami, for appellees.
Before FERGUSON, JORGENSON, and GERSTEN, JJ.
PER CURIAM.
Appellant, the Keyes Co. (Keyes), appeals from a final order confirming an arbitration award in favor of appellee, M & M Aerospace, Inc. (M & M). We affirm.
The standard of judicial review of arbitration awards is extremely limited. Schnurmacher v. Noriega, 542 So.2d 1327 (Fla. 1989). An award of arbitration may not be reversed on the ground that an arbitrator made an error of law. Schnurmacher v. Noriega, 542 So.2d at 1329 (citing Cassara v. Wofford, 55 So.2d 102 (Fla 1951)). If the arbitrator is not guilty of acts of misconduct, the award operates as a final and conclusive judgment, and "however disappointing it may be ... the parties must abide by it." Schnurmacher v. Noriega, 542 So.2d at 1330.
There is no suggestion that the arbitrator in this case was guilty of any misconduct. Accordingly, the arbitration award is affirmed.
Affirmed.
JORGENSON and GERSTEN, JJ., concur.
FERGUSON, Judge (dissenting).
For the purpose of this review, the following condensed facts are pertinent.
The arbitration agreement in question provided that, in the event of a default by the buyer, the seller could retain one-half of the deposit plus reasonable attorney's fees. It was also provided that the broker would be entitled to its 7 1/2% fee from the escrow deposit after the seller had been paid its liquidated damages and costs. After an arbitration hearing, the seller was awarded 79% of the deposit plus costs, leaving an amount for distribution to the broker substantially less than its 7 1/2% commission.
In my view the circuit court was empowered to, and should have modified the award to conform to the arbitration agreement. I read Schnurmacher Holding Inc. v. Noriega, 542 So.2d 1327 (Fla. 1989), relied upon by the appellee, as supportive of the appellant's position to the extent it holds that an arbitrator exceeds his power when he makes an award which is not contemplated by the arbitration agreement. The United States Supreme Court made the same point in stronger language:
An arbitrator is confined to interpretation and application of the ... agreement; he does not sit to dispense his own brand of industrial justice.... When the arbitrator's words manifest an infidelity to his obligation, Courts have no choice but to refuse enforcement of the award.
United Steelworkers of Am. v. Enterprise Wheel & Car Corp., 363 U.S. 593, 597, 80 S.Ct. 1358, 1361, 4 L.Ed.2d 1424, 1428 (1960).
On the authority of section 682.13(1)(c) or 682.14(1)(b), Florida Statutes (1989), the award should have been vacated, or corrected to conform to the arbitration agreement.