641 So.2d 471 (1994)
CITY OF MIAMI BEACH, a legal subdivision of the State of Florida, Appellant,
v.
TURCHIN/CRS, a joint venture, Robert L. Turchin, Inc., a dissolved Florida corporation, CRSS Constructors, Inc.; James Stewart Polshek and Partners; and James Stewart Polshek, Appellees.
No. 94-27.
District Court of Appeal of Florida, Third District.
August 17, 1994.
Podhurst, Orseck, Josefsberg, Eaton, Meadow, Olin & Perwin and Jeol Perwin and David L. Swimmer, Miami, for appellant.
Coll, Davidson, Carter, Smith, Salter & Barkett and Michael J. Higer, Miami, for appellees.
Before HUBBART, BASKIN and COPE, JJ.
BASKIN, Judge.
The City of Miami Beach appeals a judgment confirming in part and vacating in part *472 an arbitration award. Turchin/CRS, a joint venture, Robert L. Turchin, Inc., a dissolved corporation, and CRSS Constructors, Inc., [collectively "Turchin"], cross appeal the judgment. We reverse as to the prejudgment interest issue appealed.
The City of Miami Beach entered into a contract with Turchin which contained an arbitration clause providing that "[a]ll claims, disputes and other matters in question between the parties to this Agreement ... shall be decided by arbitration... ." The City had also entered into a contract with James Stewart Polshek and Partners, and James Stewart Polshek, architect, for the renovation of the Theatre of Performing Arts. As a result of contract disputes, the City demanded arbitration, seeking damages resulting from Turchin's alleged breach of the agreement. The City also sought arbitration with the architect but settled that claim. Following arbitration concerning Turchin, the panel awarded the City $1.5 million in damages plus prejudgment interest; the award did not address the issue whether the City's settlement with the architect should be set off against the City's arbitration award. Upon the City's application for confirmation of the award, Turchin contended that the arbitrators should not have awarded the City prejudgment interest and that the arbitration award should have provided for a set-off against the City's award. The trial court vacated the prejudgment interest award, and confirmed the remainder of the award.
In Schnurmacher Holding, Inc. v. Noriega, 542 So.2d 1327, 1328 (Fla. 1989), the Florida Supreme Court restated the well-settled principle that
the award of arbitrators in statutory arbitration proceedings cannot be set aside for mere errors of judgment either as to the law or as to the facts; if the award is within the scope of the submission, and the arbitrators are not guilty of the acts of misconduct set forth in the statute, the award operates as a final and conclusive judgment.
In addition, section 682.13(1)(e), Florida Statutes (1993), expressly provides that "the fact that the relief was such that it could not or would not be granted by a court of law or equity is not ground for vacating or refusing to confirm the award." Application of those principles to the case before us compels reversal of the trial court's judgment, which failed to confirm the arbitrator's award in its entirety.
First, as the court stated in Schnurmacher Holding, it was not within the purview of the trial court to vacate the arbitrators' award of prejudgment interest to the City based on legal error or equitable principles. Service Station Aid, Inc. v. Turnberry Assocs., 629 So.2d 204 (Fla. 3d DCA 1993), review granted, 639 So.2d 983 (Fla. 1994); Keyes Co. v. Gomez, 590 So.2d 954 (Fla. 3d DCA 1991). Second, we hold that the prejudgment interest issue was within the scope of the arbitrators' authority, where as here, the record reflects that the parties voluntarily litigated the issue of damages without objection. The arbitration clause provided for arbitration of all claims and disputes between the parties. There is no dispute that the parties voluntarily submitted the issue of damages to the arbitration panel, see Ronbeck Constr. Co. v. Savanna Club Corp., 592 So.2d 344, 346 (Fla. 4th DCA 1992) ("No interpretation is needed for `all claims and disputes,' as plainly the claim for damages under the original contract fits within those words."), or that the parties failed to limit the arbitrators' authority in determining the damage issue. Roe v. Amica Mut. Ins. Co., 533 So.2d 279 (Fla. 1988) (parties may submit damage issue to arbitrators with limitation); § 682.02, Fla. Stat. (1993). Prejudgment interest is merely an element of pecuniary damages. Argonaut Ins. Co. v. May Plumbing Co., 474 So.2d 212, 214 (Fla. 1985); Tillman v. Howell, 634 So.2d 268 (Fla. 4th DCA 1994). Neither statutory nor case law requires that the parties agree specifically to arbitrate the issue of prejudgment interest. Thus, we conclude that the award was within the scope of the arbitrators' authority. Finally, the record contains no showing that the arbitrators violated any of the remaining statutory factors set forth in sections 682.13 and .14 thereby justifying vacation or modification of the arbitration award. Schnurmacher Holding, 542 So.2d at 1327. Consequently, the trial court erred in vacating the *473 prejudgment interest award. We find no merit in the issue raised on cross appeal, where, as here, the record establishes that the trial court lacked authority to revisit the set-off issue which was litigated before the arbitration panel. See Applewhite v. Sheen Fin. Resources, Inc., 608 So.2d 80 (Fla. 4th DCA 1992).
Accordingly, we reverse the judgment as to the prejudgment interest award and remand for entry of a judgment confirming the entire arbitration award.
Reversed and remanded.