CAMPBELL, MONTEREY, (Senior) Judge.
Appellant, City of Tampa (City), challenges the order of the trial court which confirmed an arbitration award after the City had sought to vacate the award. The sole issue presented for our consideration is whether the trial judge erred in finding that the arbitrator did not exceed the authority granted him by the parties and by the collective bargaining agreement that existed between the City and appellee, Amalgamated Transit Union Local 1464.
The arbitrator specifically addressed the scope of his authority granted him by the parties and the collective bargaining agreement and found that the issues raised in the grievances were properly before him and within his authority to resolve. The trial judge similarly considered the grant *648 of authority to the arbitrator and agreed with the arbitrator regarding his scope of authority and affirmed the arbitration award.
Our review is limited to the consideration of whether the arbitrator and the trial judge erred in determining the authority of the arbitrator to decide the issues before him. See Schnurmacher Holding, Inc. v. Noriega, 542 So.2d 1327 (Fla.1989). As the court in Noriega held:
Once the parties agreed to submit their dispute to arbitration under the Florida Arbitration Code, they were bound by the decision of the arbitrator. No showing has been made that the arbitrator acted outside his jurisdiction. Absent that showing, the award cannot be vacated under section 682.13(l)(c).
542 So.2d at 1329.
We find that the record supports the conclusions of the arbitrator and trial judge as to the arbitrator’s authority to decide the issues before him.
Affirmed.
PARKER, A.C.J., and DAVIS, J., concur.