831 So.2d 714 (2002)
Hector DASSO, individually, Mashan Contractors, Inc., a Florida corporation, Phil Gevas and Monique Gevas, his wife, Appellants,
v.
Ted FERNANDEZ, Appellee.
Nos. 3D02-108, 3D02-90.
District Court of Appeal of Florida, Third District.
October 30, 2002.
Rehearing and Certification Denied December 11, 2002.
*715 Aragon, Burlington, Weil & Crockett and Jeffrey B. Crockett; Michael Schiffrin, Miami, for appellants.
Katz Barron Squitero & Faust and Richard A. Morgan; Lauri Waldman Ross, Miami, for appellee.
Before LEVY, FLETCHER, and SHEVIN, JJ.
PER CURIAM.
Hector Dasso, Mashan Contractors, Inc., Phil Gevas and Monique Gevas seek this court's reversal of a number of orders by which the circuit court confirmed an arbitration award and entered final judgment in accordance with the award. Our review of the record leads us to affirm the orders of the circuit court. As the order confirming the arbitration award answers the main issue raised before us, we set it forth (paraphrased) and adopt it as our own:
"This case involves the alleged breach of a residential purchase and sale agreement, [which] agreement contains an arbitration clause. The dispute was submitted to the American Arbitration Association [AAA] through which a panel was selected. The parties agreed to adhere to the rules of the AAA. The panel held a 14-day trial, shortly [after which] the panel submitted its written award in favor of plaintiff.[1] The defendants [2] then moved to modify the award, claiming that the award is fatally flawed because the panel did not include findings of fact [within it].[3] The panel reviewed the motion to modify, and rejected it.
Both parties [had] agreed to proceed under the rules of the AAA. Rule 45 states that any award shall be in writing and signed by a majority of the arbitrators.... The arbitrators [are to] provide *716 a concise, written breakdown of the award, [and if] requested in writing by all parties prior to the appointment of the arbitrator, or if the arbitrator believes it is appropriate to do so, the arbitrator shall provide a written explanation of the award. The panel did not receive such a request prior to the appointment of the arbitrators. Therefore, the panel [correctly] proceeded to follow its rule and used the AAA-approved form for announcing the award.
[As to the remaining issues] the court is not empowered to set aside arbitration awards for mere errors of judgment as to law or facts, or because of equitable principles. Verzura Constr., Inc. v. Surfside Ocean, Inc., 708 So.2d 994 (Fla. 3d DCA 1998); City of Miami Beach v. Turchin, 641 So.2d 471 (Fla. 3d DCA 1994).... Accordingly, the arbitration award is confirmed."
Affirmed.
NOTES
[1] Ted Fernandez.
[2] Hector Dasso, Mashan Contractors, Inc., Phil Gevas, and Monique Givas.
[3] The defendants contend that the parties' contract required the arbitration panel to include findings of fact.