DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**BOARDWALK PROPERTIES MANAGEMENT, INC.,** a foreign corporation
doing business in Florida,
Appellant,

v.

**EMERALD CLINTON, LLC,** a Florida limited liability company and
**EMERALD PALMS GP, LLC,** a Florida limited liability company,
Appellees.

No. 4D16-3818

[October 18, 2017]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Michael L. Gates, Judge; L.T. Case No. 16-016595 CACE.

John H. Pelzer and Richard W. Epstein of Greenspoon Marder, P.A., Fort Lauderdale, for appellant.

Stephen F. Rosenthal and Robert C. Josefsberg of Podhurst Orseck, P.A., Miami, for appellee Emerald Clinton, LLC.

LEVINE, J.

The issue presented for our review is whether the arbitrator exceeded the scope of the arbitration clause which was part of the operating agreement. The parties disagreed on whether to sell their property, so the matter was submitted to arbitration pursuant to their operating agreement. The arbitrator ordered the sale and also determined each party's respective ownership interest in the property. We find that by determining the issue of ownership, the arbitrator exceeded his powers by going beyond the authority granted by the parties within the operating agreement.

Appellant, Boardwalk Properties Management, Inc., and appellee, Emerald Clinton, LLC, are members of Emerald Palms GP, LLC. Emerald Palms is the sole general partner of Emerald Palm Apartments Limited Partnership, which owns the Emerald Palms Apartments.

As members of Emerald Palms GP, the parties were subject to its

operating agreement, which included the following relevant provisions:

3.1.2 Notwithstanding any provision of this Operating Agreement . . . to the contrary, any management or operational decision which has or may have a material effect upon the affairs, activities or business of the Company or the Partnership or the purpose for which it was formed shall require the unanimous consent of all Members. Such decisions shall include, but not be limited to, the following:

. . . .

3.1.2(e) Making, executing or delivering any deed, long term ground lease, contract to sell or otherwise convey any Company or Partnership property, or any mortgage, assignment or encumbrance of Company or Partnership Property;

. . . .

3.1.2(k) Any material or substantial matter affecting the business or operation of the Company or the Partnership or the interests of the Members.

In the event all Members cannot reach an agreement on such decision, any member may submit the decision to arbitration pursuant to Section 15.4.

. . . .

15.4 <u>Arbitration</u>. In the event the Members are unable to agree upon any matter or matters arising under this Operating Agreement which require unanimous approval, the Members shall, within three (3) days, agree upon one Person to act as arbitrator. In the event the Members are unable to agree upon the Person to act as arbitrator, the Members shall submit or either Member may submit the matter to the American Arbitration Association for resolution in accordance with the commercial arbitration rules. The decision of an arbitrator shall be final and binding on the Members. The costs and expenses of arbitration shall initially be paid by the Company. The prevailing party in the arbitration shall be entitled to receive compensation for its attorney fees and costs with respect to the arbitration from the other Member, and the

other member shall also reimburse the Company for the costs of the arbitration. Any such arbitration shall be conducted in Broward County, Florida.

Emerald Clinton wanted to sell the partnership property, but Boardwalk did not and withheld its consent to sell. Further, Boardwalk claimed to have a 50% ownership interest in the company, whereas Emerald Clinton claimed Boardwalk had only a 10% ownership interest.

Because there was not unanimous consent to sell the property, the matter was referred to an arbitrator. Boardwalk argued in pre- and post-arbitration memoranda that any determination of ownership interest was outside the arbitrator's jurisdiction. Despite these arguments, the arbitrator ordered the sale of the property and additionally concluded that Emerald Clinton was a 90% owner and Boardwalk was only a 10% owner of the company. The arbitrator found the issue of ownership was "inextricably intertwined" with the issue of the sale of the property. The arbitrator ordered the sale with the proceeds to be distributed in accordance with the parties' ownership interests.

The arbitrator entered an order stating that "the Arbitrator, as well as the parties themselves, all recognize that the issues of the sale of the Property and a determination of the parties['] respective ownership interests in Emerald Palms GP are inextricably intertwined, Section 15.4 of the Operating Agreement clearly vests in the Arbitrator the right to order a sale of the Property." Within the same order, the arbitrator recognized that "Boardwalk has repeatedly questioned the authority of the Arbitrator as part of this arbitration process to decide the percentage ownership of the Members of Emerald Palms GP, LLC in the subject property." Further, the arbitrator ordered that 40% of the proceeds from the sale be held in escrow because there was a dispute regarding the arbitrator's jurisdiction in this case.

Boardwalk subsequently filed a motion and petition to vacate the arbitral award in the circuit court. Boardwalk again argued that it never consented to the arbitrator adjudicating the ownership interests. The circuit court entered an order denying Boardwalk's motion to vacate and granted Emerald Clinton's motion to confirm the arbitral award.

We review de novo the issue of whether the trial court correctly concluded that the operating agreement gave the arbitrator jurisdiction to decide the ownership interest. *Am. Fed. of State, Cty. v. Miami-Dade Cty. Pub. Schs.*, 95 So. 3d 388, 390 (Fla. 3d DCA 2012).

Generally, "[a] very high degree of conclusiveness attaches to an arbitration award.  Courts do not review findings of fact contained in an arbitration award or attempt to substitute their judgment for that of the arbitrator."  *Commc'ns Workers of Am. v. Indian River Cty. Sch. Bd.*, 888 So. 2d 96, 99 (Fla. 4th DCA 2004) (citation omitted).  "The trial court's decision to confirm or vacate the arbitration award is reviewed for an abuse of extremely limited discretion."  *Id.*

Whether an arbitration award can be vacated is governed by section 682.13(1)(d), Florida Statutes (2016),[1] which states, "Upon motion of a party to an arbitration proceeding, the court shall vacate an arbitration award if . . . [a]n arbitrator exceeded the arbitrator's powers . . . ."  "[A]n arbitrator exceeds his or her power under subsection (c) when he or she goes beyond the authority granted by the parties or the operative documents and decides an issue not pertinent to the resolution of the issue submitted to arbitration."  *Schnurmacher Holding, Inc. v. Noriega*, 542 So. 2d 1327, 1329 (Fla. 1989).

Additionally, section 682.13(1)(e), Florida Statutes (2016), states, "Upon motion of a party to an arbitration proceeding, the court shall vacate an arbitration award if . . . [t]here was no agreement to arbitrate, unless the person participated in the arbitration proceeding without raising the objection under s. 682.06(3) not later than the beginning of the arbitration hearing . . . ."

We find *Seifert v. U.S. Home Corp.*, 750 So. 2d 633 (Fla. 1999), to be instructive.  In *Seifert*, the homeowners, a husband and wife, contracted with the defendant for the construction of a home, and the husband died as a result of carbon monoxide poisoning after his car was left running in the garage.  The wife sued the defendant for wrongful death.  The defendant sought to compel arbitration and argued that the contract required arbitration.  The arbitration clause at issue stated, "Any controversy or claim arising under or related to this Agreement or to the Property . . . shall be settled and finally determined by mediation or binding arbitration . . . ." *Id.* at 635.

The Florida Supreme Court stated first that "arising under or related to" are broad arbitration clauses but there must be some "nexus between the dispute and the contract containing the arbitration clause." *Id.* at 638.  The court concluded that no nexus existed between the dispute and contract: the contract dealt with the "sale and purchase of a house"—not

[1] This statute was amended in 2013.  Prior to 2013, this provision was section 682.13(1)(c).

4

tort. *Id.* at 641. Thus, "[t]here is nothing within these provisions to indicate that either party intended to include tort claims for personal injuries arising under the common law within the scope of either the contract in general or the arbitration provision in particular." *Id.*

Similarly, in this case, nothing in the operating agreement indicated that either party intended to include percentage of ownership interests within the scope of the arbitration provision. Boardwalk's percentage of ownership interest in the property was "not pertinent to the resolution of the issue submitted to arbitration," that being whether to sell the property. *See Schnurmacher*, 542 So. 2d at 1329. Since the operating agreement required the parties' unanimous consent, whether Boardwalk had a 50%, a 10%, or even a 1% interest would be of no matter since if Boardwalk disagreed with the sale, the parties would not be in unanimity. Without unanimous consent, there could be no sale, and that issue—whether to sell or not—was explicitly agreed to in the operating agreement as one of the grounds within the jurisdiction of the arbitrator. Therefore, because the amount of ownership interest was not pertinent to the decision whether to sell the property, the issues were not "inextricably intertwined."

In summary, we find that the trial court erred in not vacating that portion of the arbitral award which exceeded the arbitrator's authority by determining ownership interests. We reverse and remand with instructions to vacate those parts of the arbitrator's order in accordance with this opinion. We affirm the trial court's order to the extent it denied vacatur as to the remaining portions of the arbitrator's order.

*Affirmed in part, reversed in part, and remanded with instructions.*

WARNER and DAMOORGIAN, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***