PER CURIAM.
The appellee George C. Best, who was the plaintiff below, took part in a joint venture in a salvage operation involving the recovery of ore from a sunken vessel. On the basis of an agreement he claimed to be entitled to a one-sixth interest in the proceeds thereof. His suit for dissolution and an accounting resulted in a final decree in his *604 favor, the “ordering” portions of which were as follows:
“That this Court has jurisdiction of the subject matter hereof and of the parties hereto.
“That the equities of this cause are with the plaintiff and against the defendants.
“That this Court finds that the parties hereto, under the agreements entered into between them, were operating under a joint venture and, based upon the computations hereinbefore set forth, the six shares in the tin and antimony-amounted to $47,920.99, and the value of one share is $7,986. 83.
“That it appears that the defendant, Henry, is presently holding said sum, or has control of the co-partnership property and assets, as trustee for the parties hereto in said joint venture, and herein is ordered and directed to pay over to each of the parties hereto for their one-sixth share in the joint venture the sum of $7,986.83, less whatever sums have already been paid to said parties as part of said joint venture; and in the event that said sums in his possession are not sufficient to pay the aforesaid sums ordered by this Court, then the co-partnership property and assets shall be sold, and this Court shall execute a subsequent order concerning said sale.
“That the costs of these proceedings are herein taxed against the defendants.
“That this Court does herein dissolve the joint venture and/or co-partnership between the parties hereto.
“That this Court retains jurisdiction for the purpose of entering such other and further orders as it deems proper to enforce the terms and conditions of this Final Decree.”
We have considered the contentions of the appellants, and except for the modification herein provided for we find them to be without merit. The chancellor heard the conflicting testimony. The decree has ample support in the record, with the exception that holding that the net amount received by Henry for distribution included $16,000 which the evidence showed was not a part of this transaction.
The figure of $16,000 appeared on the ledger as a pencilled entry of September 25, 1960. Henry testified it was placed on the books with reference to this transaction by his secretary through error, and was a payment on a subsequent transaction. This ,was confirmed by an affidavit.[1] The salvage operation involved in this case ended in 1959, with the last ore removed in November. But it was established by testimony of the plaintiff and that of Henry and the affidavit of the broker’s agent, that a later salvage transaction took place, from the vessel David T which was acquired in May of 1960. Opposed to this compelling evidence of a later salvage operation and that the $16,000 in question was a payment incident thereto, there was only the fact of the pencilled entry on the record indicating it to be a receipt on the earlier transaction, and testimony of one of the partners (Moen) that no ore was salvaged after November of 1959. However, Moen did not say there was no later salvage operation from another vessel. His testimony as to *605 the last ore raised shows he had reference to the salvage operation from the vessel Asco, on which admittedly the ore raising ended in November 1959. We conclude, therefore, that the holding of the chancellor which included this $16,000 as a receipt on the salvage transaction from the vessel Asco which ended in 1959 was against the manifest weight of the evidence.
Accordingly the cause is remanded with direction to enter an order modifying the decree as to amount by eliminating the said item of $16,000, in accordance with the views herein expressed. As so modified the decree will stand affirmed.
Affirmed with direction for modification on remand.

. The affidavit was by a market specialist, an employee of the New York brokers, in which he stated he went to Key West in September of 1960 and there saw 180 tons of ore on the David T, “which had been salvaged off the coast of Key West, Florida, during the summer months of 1960.” He further stated, with reference to the 1960 salvage and the §16,000, as follows: “That your affiant, based upon the examination of said antimony ore, upon his return to New York City, Now York, did issue a cheek in the amount of $16,000.00 dated September 22, 1960, which check constituted a provisional advance against the antimony ore so-salvaged during the year 1960 and did not constitute any payment for ore which was-salvaged from the SS Edward A. Luken-bach by the crew of the Motor Vessel ASCO during the year 1959.”