FULMER, Acting Chief Judge.
Donald Simmons challenges the order of the trial court vacating an arbitration award. Because the trial court erred in finding that the arbitrator had exceeded his authority under the collective bargaining agreement (“CBA”), we reverse.
Simmons, a captain with the Avon Park Fire Department, was demoted to the position of firefighter after testing positive for use of marijuana. Simmons challenged the disciplinary action pursuant to the grievance procedure set forth in the CBA between the firefighter’s union and the City of Avon Park. As required by that procedure, the grievance was submitted to binding arbitration.
The arbitrator found that the City had “just cause” to demote Simmons, but that due to a number of mitigating factors, the penalty imposed was too severe. Thus, finding that Simmons had served for ten months at the reduced rank, the arbitrator ordered the City to reinstate him to the rank of captain with restoration of his captain’s salary and without loss of seniority.
The City appealed the arbitrator’s order to the trial court pursuant to section 682.13, Florida Statutes (1999). The trial court found that the arbitrator had exceeded his authority under the terms of the CBA and vacated the arbitrator’s award pursuant to section 682.13(l)(c), Florida Statutes (1999).
“[T]he standard of review of statutory arbitration awards is extremely limited.” Schnurmacher Holding, Inc. v. Noriega, 542 So.2d 1327, 1329 (Fla.1989). Section 682.13(1), Florida Statutes (1999), provides the limited grounds for a trial court to vacate an award. Section 682.13(l)(c) authorizes the trial court to vacate an award when an arbitrator exceeds his or her power. “[A]n arbitrator exceeds his or her power under subsection (c) when he or she goes beyond the authority granted by the parties or the operative documents and decides an issue not pertinent to the resolution of the issue submitted to arbitration.” Schnurmacher Holding, Inc., 542 So.2d at 1329.
The question presented in this appeal is whether the CBA empowered the arbitrator to address the issue of the se *1078 verity of the discipline imposed by the City. The City asserts that the arbitrator was empowered to address only whether “just cause” existed for the discipline taken. According to the City, once the arbitrator determined that “just cause” existed, the arbitrator’s inquiry was complete.
The CBA provides that “any disciplinary action is subject to the grievance provisions.” Resolution of the question presented on appeal turns on the interpretation of a “disciplinary action” under the CBA. We reject, as overly restrictive, the City’s interpretation of that phrase to not encompass the disciplinary sanction imposed. Under the City’s interpretation, the arbitrator would be limited to addressing only the question of whether an employee had committed an act that would subject the employee to disciplinary action, while the punitive action taken against the employee would not be subject to grievance. This interpretation is contrary to the plain language of the CBA. We construe the phrase “any disciplinary action” to include the selection and severity of the discipline imposed. Thus, the arbitrator did not exceed his authority in reviewing the sanction imposed by the City. Accordingly, we reverse the order of the trial court and remand with directions to confirm the arbitrator’s award.
Reversed and remanded.
GREEN and STRINGER, JJ., Concur.