832 So.2d 893 (2002)
Jose I. SOLER, Appellant,
v.
SECONDARY HOLDINGS, INC., et al., Appellees.
No. 3D02-65.
District Court of Appeal of Florida, Third District.
December 18, 2002.
*894 Rodriguez, Tramont, Guerra & Nunez and Jorge L. Guerra and Paulino A. Nunez, Jr., Miami, and Angelina S. Kaye, for appellant.
Akerman, Senterfitt & Eidson and Oscar A. Sanchez and Jorge A. Lopez, Miami, for appellees.
Before COPE, LEVY, and FLETCHER, JJ.
LEVY, Judge.
Jose I. Soler (hereinafter "Appellant") appeals from a trial court Order confirming an Arbitrator's award, alleging that the Arbitrator exceeded the scope of his jurisdiction which was limited to a determination of whether a joint venture existed between the parties. We agree with the appellant and reverse accordingly.
The facts of the parties' relationship and dealings are more fully developed in Soler v. Secondary Holdings, Inc., 771 So.2d 62 (Fla. 3d DCA 2000). The following facts are pertinent to the matter currently before the Court: Appellant brought suit against Appellees, Secondary Holdings, Inc., Shores Development, Inc., Wayne Rosen, and Michael Latterner, (hereinafter referred collectively as "Appellees"), for fraud, breach of contract, rescission, securities violations and unjust enrichment arising out of several real estate deals.
The gist of Appellant's claims is that he was squeezed out of a joint venture created by the parties to pursue several real estate developments.[1] Appellees responded with a Motion to Stay sixteen of the seventeen Counts in the Complaint. The trial court denied the Motion and this Court granted appellees' writ, "remanding with instructions that the actions at law be abated until a determination is made that a partnership was formed, and until the action for an accounting has been completed." Laurence v. Soler, 706 So.2d 896, 897 (Fla. 3d DCA 1998). Thus, the only Count not stayed was Count 15 of the Complaint, *895 wherein appellant sought an accounting of the venture's finances.
Subsequently, in the summer of 1998, the parties agreed to submit "all remaining differences between the parties with respect to the claims and defenses in or related to the litigations[,]" to arbitration.[2] Moreover, in the Arbitration Agreement, the parties acknowledged this Court's opinion in Laurence v. Soler, 706 So.2d 896 (Fla. 3d DCA 1998) and agreed that the ruling shall be given "full force and effect" in the arbitration.
During the course of arbitration, a dispute regarding the Spanish Lakes matter surfaced before this Court. See Soler v. Secondary Holdings, Inc., 771 So.2d 62 (Fla. 3d DCA 2000). On appeal, this Court found that the issues regarding Spanish Lakes had been disposed of by the Settlement Agreement. However, the Court reversed with respect to the Doral Landings issue on the basis that the Agreement and Release did not cover the Doral Landings matter, and that the Court previously mandated a determination of the parties' relationship. See Soler v. Secondary Holdings, Inc., 771 So.2d at 70 (citing Laurence v. Soler, 706 So.2d at 897 ("[O]ur holding in Soler I mandated that this cause be abated and remanded for a determination as to whether a partnership/joint venture had ever been formed.")). Consequently, the Doral Landings matter was remanded for arbitration. See Soler v. Secondary Holdings, Inc., 771 So.2d at 70.
The Arbitrator found that a joint venture as to the Doral Landings project existed between the parties. However, the Arbitrator's Award went further and determined that the venture was terminated by the 1995 Settlement Agreement, and, as a result, awarded appellant $50,000, the balance of appellant's contribution to the project which was not returned to him. The trial court denied appellant's Motions to Vacate the Arbitrator's award. Appellant appeals, arguing that the Arbitrator exceeded the scope of his jurisdiction. We agree.
Section 682.13(1), Florida Statutes, sets forth the only grounds upon which an award of an Arbitrator must be vacated. See Verzura Const., Inc. v. Surfside Ocean, Inc., 708 So.2d 994 (Fla. 3d DCA 1998). An Arbitrator's award must be vacated when, among other things, the Arbitrator exceeds his or her powers. See § 682.13(1)(c), Fla. Stat.; Schnurmacher Holding, Inc. v. Noriega, 542 So.2d 1327, 1328 (Fla.1989). An Arbitrator exceeds his or her power when he or she goes beyond the authority granted by the parties and decides an issue not pertinent to the resolution of the matter submitted to arbitration. See Schnurmacher Holding, Inc., 542 So.2d at 1329; see also Simmons v. City of Avon Park, 788 So.2d 1076, 1077 (Fla. 2d DCA 2001). In the instant case, the parties agreed to submit "all remaining differences between the parties with respect to the claims and defenses in or related to the litigations." At the time, the parties had a number of cases pending. We deal only with the Doral Landings matter.
The Doral Landings matter was submitted to arbitration after this Court's ruling staying all the claims against appellees except appellant's claim for an accounting. Specifically, this Court remanded the matter "with instructions that the actions at law be abated until a determination is made that a partnership was formed, and until the action for an accounting has been completed." Laurence v. Soler, 706 So.2d 896, 897 (Fla. 3d DCA 1998) (emphasis *896 added) (citations omitted). The Arbitrator found that a joint venture between the parties did, in fact, exist. It is clear from the Arbitration Agreement and this Court's Mandate that the arbitrator was to determine whether a partnership existed and, if so, order an accounting. Moreover, it is clear from the Record, including the parties' Pre-Hearing Memorandums, that the parties intended that the scope of the Arbitrator's jurisdiction be limited to a determination of the status of the parties' relationship. Nevertheless, and contrary to the scope of his authority, the Arbitrator went one step too far and awarded appellant damages to the extent of his initial contribution into the venture.
The case law is clear that a joint venture relationship is similar to that of a partnership and is therefore governed by the principles controlling partnership law. See Russell v. Thielen, 82 So.2d 143, 145 (Fla.1955). As such, upon a finding that a partnership or joint venture exists, the parties must "dissolve" the relationship and an accounting is required to determine each party's interest in the entity. See Lindberg v. Creative Constr. of Palm Beach, Inc., 522 So.2d 467, 467-68 (Fla. 4th DCA 1988)(partnership must share equally in the profits and losses unless otherwise agreed); Hilgendorf v. Denson, 341 So.2d 549 (Fla. 1st DCA 1977)(citing Biers v. Sammons, 242 So.2d 158 (Fla. 3d DCA 1970) (holding that if a surviving or remaining partner continues the partnership business with the partnership assets, the remaining partner is required to account to the withdrawing partner)); Robert A. Tripp & Assoc., Inc. v. Best, 166 So.2d 603 (Fla. 3d DCA 1964); Russell, 82 So.2d at 144.
This is, in effect, a two-step process. See A-1 Truck Rentals, Inc. v. Vilberg, 222 So.2d 442, 444 (Fla. 3d DCA 1969). In fact, an accounting cannot occur until the individual seeking the accounting can prove that she or he is entitled to one. In A-1 Truck Rentals, this Court explained that a suit for an accounting is a two-stage proceeding calling first for the establishment of the right to the accounting, following with the actual accounting. See A-1 Truck Rentals, 222 So.2d at 444. Thus, the most the arbitrator could have done was to order and set for hearing, at another time, the accounting issue especially in light of the lack of evidence before the arbitrator at that moment. See Russell v. Thielen, 82 So.2d 143 (Fla.1955). Aside from the fact that an accounting is a two-step process, the appellees' suggestion that an accounting was done in the instant case is clearly erroneous where it is evident from the Record on appeal, that no discovery on the issue of the venture's worth was ever had. In fact, throughout the pendency of this action, appellant attempted to get discovery of the parties' financial statements and was repeatedly met with appellees' appropriate opposition on the ground that any financial records or discovery was protected where appellant had not shown that he had any interest in any of the ventures.
Accordingly, we affirm the Arbitrator's finding that a joint venture existed between the parties, but reverse the finding that the appellant was entitled to $50,000, the balance of his contribution to the project, on the basis that the scope of the Arbitrator's review was limited to a determination of the parties' relationship, and remand for an appropriate accounting.
Affirmed in part; reversed in part; and remanded with instructions.
NOTES
[1] This appeal only concerns the Doral Landings deal, which is referred to as the "Spanish Lakes Litigation" in the parties' Arbitration Agreement. See also Soler v. Secondary Holdings, Inc., 771 So.2d 62 (Fla. 3d DCA 2000) wherein this Court affirmed Summary Judgment on the Spanish Lakes deal on the basis that appellant signed a release of settlement with appellees. This Court specifically found that the release did not extend to the Doral Landings deal.
[2] The Arbitration Agreement governed several matters pending between the parties including the "Spanish Lakes Litigation," part of which is the subject of this appeal.