450 So.2d 590 (1984)
AMALGAMATED TRANSIT UNION, LOCAL 1593, AFL-CIO, Appellant,
v.
HILLSBOROUGH AREA REGIONAL TRANSIT AUTHORITY, Appellee.
No. 83-702.
District Court of Appeal of Florida, Second District.
May 23, 1984.
*591 Tobe Lev and Joseph Egan, Jr., of Egan, Williams & Lev, Orlando, for appellant.
George Barford and John W. Boult of Carlton, Fields, Ward, Emmanuel, Smith & Cutler, P.A., Tampa, for appellee.
OTT, Chief Judge.
The trial court entered a final summary judgment vacating an arbitration award on the grounds that the arbitrator exceeded his authority under the collective bargaining agreement in determining that discharge was too severe for the proven infraction. We reverse.
The following facts appear in the arbitrator's award. A bus driver employed by appellee and a member of appellant asked a passenger on a bus he was driving to stop smoking a cigarette. The passenger continued to smoke. The driver renewed his request whereupon the passenger threw her cigarette out of the window. Later, as the passenger disembarked, she made an obscene gesture toward the driver and spit on him. The driver left his bus in a traffic lane, chased the passenger, and pushed her. The arbitrator noted that a dispute existed as to whether the passenger fell to the ground or against a fence. The passenger did not testify. There was also conflicting testimony about whether the driver engaged the brake before leaving the bus. The arbitrator's written award did not resolve these conflicting versions of the episode. As a result of the incident, the driver was discharged by appellee.
Appellant brought a grievance on behalf of the driver. The matter was referred to arbitration pursuant to the collective bargaining agreement between the parties. The arbitrator found that the driver had committed an offense which warranted corrective action or punishment. However, the arbitrator concluded that discharge of the driver was too harsh and therefore not for sufficient and just cause. Appellee was ordered to reinstate the driver with back pay.[1] If the arbitrator had the authority to so interpret the agreement, then his conclusion based on the facts is certainly proper.
Appellee applied to the circuit court for vacation of the arbitration award. The circuit court found that the arbitrator had exceeded his authority under the collective bargaining agreement when he assessed the appropriateness of the punishment imposed by management. Consequently, the arbitration award was vacated.
Appellee points to Article 3, section 1, of the collective bargaining agreement between the parties, the Authority's Management Rights article. It says that appellee "reserves and retains exclusively [the right] to suspend, discharge, demote or otherwise discipline employees for sufficient and just cause." Appellee argues that because the arbitrator found the driver's conduct warranted some type of corrective action or punishment, the choice of whether *592 to fire the driver, merely suspend him, or impose some other discipline was entirely the appellee's under the terms of Article 3, section 1. In short, appellee contends that the agreement precluded the arbitrator from determining the appropriateness of the punishment under the facts.
The arbitrator interpreted this portion of the collective bargaining agreement differently. Implicitly, the arbitrator determined that under the contract there might be just cause to impose some type of discipline when there was not just cause to fire. He concluded the agreement authorized him to determine whether the proven infraction, under the surrounding facts and circumstances, justified the particular punishment chosen by the employer. Under the particular facts of this case, the arbitrator found that the driver's conduct was not so outrageous that appellee could dismiss him.
This case is similar to International Association of Machinists v. San Diego Marine, 620 F.2d 736 (9th Cir.1980). There, management dismissed an employee and the union protested the dismissal before an arbitrator. The union asserted, among other things, that the employee was fired without just cause. The arbitrator found that, although the employee's misconduct justified disciplining him, firing was too severe a sanction. The district court confirmed the arbitrator's award.
On appeal, management pointed to a clause in the collective bargaining agreement between the parties similar to the Management Rights article in our case. It provided, "[t]he right to ... suspend or discharge employees for just cause . .[.] is vested exclusively in this Company, subject to the terms of this agreement." Id. at 738. Management asserted that because the arbitrator found just cause for disciplinary action, the choice of whether to fire or merely suspend the employee was entirely management's. The court affirmed the arbitrator's determination that under the contract there might be just cause to suspend but not just cause to fire. The court quoted from United Steelworkers of America v. Enterprise Wheel and Car Corp., 363 U.S. 593, 599, 80 S.Ct. 1358, 1362, 4 L.Ed.2d 1424 (1960):
[T]he question of interpretation of the collective bargaining agreement is a question for the arbitrator. It is the arbitrator's construction which was bargained for; so far as the arbitrator's decision concerns the construction of the contract, the courts have no business overruling him because their interpretation of the contract is different from his.
Id. at 739.
In our case, the circuit court erred in vacating the arbitrator's award. The collective bargaining agreement charges the arbitrator with interpreting that agreement. The arbitrator's decision should not be overturned merely because another plausible interpretation exists.
REVERSED with instructions to reinstate the arbitration award.
BOARDMAN and GRIMES, JJ., concur.
NOTES
[1] The record reflects that the arbitrator also concluded that in the absence of a stipulation of the parties, the agreement did not allow him to impose a lesser or different punishment than that administered by the employer. He noted that while there was "considerable discussion respecting the power of the arbitrator to modify the penalty to a less severe disciplinary action ... the parties did not so stipulate." Whether we might conclude otherwise is irrelevant as this court has already determined that "an award may not be vacated upon a mistake of fact or law but only upon one of the statutory grounds." McDonald v. Hardee County School Board, 448 So.2d 593 (Fla. 2d DCA 1984). In our case, appellee does not raise this issue but rather chooses to stand or fall on the right of the arbitrator to apply the just cause test to the particular disciplinary action of discharge.