OTT, Acting Chief Judge.
The trial court rendered a final judgment vacating a portion of an arbitration award on the grounds that the arbitrator exceeded his authority under the terms of a collective bargaining agreement. The court determined that the agreement precluded the arbitrator from modifying the conclusion of the employer to discharge the employee after receiving three complaints about the employee’s actions. We disagree and reverse.
The city and union entered into a collective bargaining agreement wherein management, in article III, section 1(c), retained the right to “take disciplinary action including discharge, for just cause....” The agreement further provided in article XXI, section 3(i), that:
[i]n the event of the arbitration of a grievance arising out of the discharge of an employee, the arbitrator is empowered to either sustain the discharge, or if he does not, he is empowered to reinstate the employee with or without back pay....
Guidelines setting forth progressive disciplinary measures were incorporated by reference into the agreement. The guidelines applicable to the instant case pertain to incidents involving an employee’s threats, intimidations, coercion, or interference with fellow employees and supervisors, and recommend the following graduated penalties:
First occurrence: written reprimand
Second occurrence: five days’ suspension
Third occurrence: dismissal.
The agreement charged the arbitrator with interpreting the agreement upon the movement of a dispute to arbitration.
*455 The arbitrator made the following findings of fact in the arbitration award. An employee of the city received a written reprimand listing eleven incidents involving other city employees which had occurred over the past three months of her four-month employment. The reprimand indicated that counselling sessions had transpired between the employee and her immediate supervisor regarding those incidents and warned that should other confrontations occur or should her attitude fail to improve, a five-day suspension would follow.
On two separate occasions following the first reprimand, the employee was evaluated by her immediate supervisor. The appraisals reflected an overall satisfaction with her job performance, however, the supervisor noted on both evaluations that the employee’s attitude was not satisfactory and needed improvement. Approximately two weeks after the last evaluation, the city imposed a five-day disciplinary suspension without pay on the employee. The suspension cited more confrontations between the employee and fellow employees and concluded that absent any improvement employment would be terminated.
The city instigated its third disciplinary action against the employee after a particular confrontation arose between the employee and two other employees over the cleaning of a copying machine. A fellow employee asked her to clean the machine for another employee. She refused and began yelling when the fellow employee cleaned the machine. This incident was reported to the employee’s immediate supervisor just before the supervisor overheard the loud noises emanating from the copying room. The supervisor intervened and questioned the employee about the machine. The employee responded that she had no idea why the fellow employee was cleaning it. The employee continued her shouting and accused the supervisor of picking on her when she never did anything wrong.
The city suspended the employee for five days without pay during which time the employee could appeal the action or be discharged at the end of the suspension. The employee filed a grievance, charging the city with violating the collective bargaining agreement by invoking disciplinary action against the employee for “unjust and unlawful reason.” The city subsequently discharged the employee and the matter proceeded to arbitration.
The arbitrator considered the employee’s failure to challenge the city’s first two disciplinary actions as admissions of the alleged unsatisfactory conduct. Concerning the third and final disciplinary action taken by the city, the arbitrator noted that although the city adhered to its progressive disciplinary program, management was not vested with the absolute authority for discharge without sufficient just cause for such discharge. The arbitrator determined that the seemingly favorable evaluations together with the singular incident provoking the third disciplinary action warranted some discipline, but was not adequate just cause for discharge. Thus, the arbitrator reinstated the employee without back pay.
The city sought relief in the circuit court from the arbitrator’s award reinstating the employee. The court found that the arbitrator exceeded his authority to the extent he reinstated the employee after finding that just cause existed for disciplinary action, but not for discharge. The court vacated the portion of the arbitration award ordering the reinstatement of the employee without back pay.
The trial court did not have the benefit of Amalgamated Transit Union, Local 1593 v. Hillsborough Area Regional Transit Authority, 450 So.2d 590 (Fla. 2d DCA 1984), in rendering its judgment. The city’s argument in this case parallels that of the appellee’s in Amalgamated. The city contends that article III, section 1(c), vests the exclusive authority for discharge in the city and, therefore, bars the arbitrator from determining the severity of punishment commensurate with an employee’s conduct. This court declined to accept this argument in Amalgamated where, as in the instant case, the collective bargaining *456 agreement charges the arbitrator with interpretation of the agreement and lends itself to differing and plausible interpretations.
The city interpreted the agreement in this case as reserving the exclusive right in the city to determine just cause for discipline as well as the particular discipline. The arbitrator reached another plausible interpretation by reading article III, section 1(c), and Article XXI, section 3(i), together. Article XXI empowers him with the authority to uphold the discharge or reinstate the employee and thereby vests the arbitrator with the authority to reduce the disciplinary action ordered by the city. At first glance, article III, section 1(c), purports to vest the sole authority for determining just cause for discharge in the city. Article XXI, section 3(i), however, provides a check on that power once the matter is submitted to arbitration.
The city further contends that the guidelines, as part of the agreement, provided specific penalties for particular misconduct which precluded the arbitrator’s deviation from the listed penalties thereby reducing the designated punishment. The arbitrator did not interpret the guidelines as a limitation on his power to alter the particular disciplinary action ordered by the city but as graduated disciplinary measures culminating in discharge, dependent on a determination of just cause which the contract empowers him to review. Cf. Mistletoe Express Service v. Motor Expressmen’s Union, 566 F.2d 692 (10th Cir.1977) (collective bargaining provision specifying certain conduct as “just cause” for discharge denotes that the parties to the contract did not intend any penalty other than discharge when the employee committed such conduct, whereas provision providing for graduated disciplinary measures culminating in discharge implies that “just cause” may exist for discipline but not for discharge). Such an interpretation is certainly plausible under the agreement.
The arbitration award should be disturbed only upon a clear showing that the arbitrator exceeded his authority. Bro-ward Paraprofessional Association v. McComb, 394 So.2d 471 (Fla. 4th DCA 1981). The agreement in this case and in Amalgamated charged the arbitrator with interpretation of the agreement. Accordingly, the arbitrator’s interpretation of the collective bargaining agreement as allowing him to reduce the employee’s punishment where he concludes from the evidence that just cause for discipline short of discharge exists constituted one plausible interpretation of the contract. The arbitrator did not exceed his authority in interpreting the agreement or in determining that the facts before him did not support discharge.
REVERSED with instructions to reinstate the arbitrator’s award.
LEHAN, J., and BOARDMAN, EDWARD F., (Ret.) J., concur.