PER CURIAM.
Orell Brooks, the appellant, appeals an order vacating an arbitration award reducing his dismissal for a positive drug result to a conditional suspension. Because the arbitrator did not exceed her authority as contemplated by section 682.13(l)(c), Florida Statutes (1999), we reverse.
Contrary to the trial court’s finding, the arbitrator did not exceed her authority under the Collective Bargaining Agreement. She did not go beyond the authority granted by the parties or the Collective Bargaining Agreement and decide an issue not submitted to arbitration. See Schnurmacher Holding, Inc. v. Noriega, 542 So.2d 1327, 1329 (Fla.1989). The Agreement provided, under Section 24.9, that a positive drug result “shall result in a recommendation for dismissal.” The appel-lee, however, dismissed the appellant citing their purported zero-tolerance drug policy. At arbitration, the arbitrator found that the word “recommendation” was ambiguous and interpreted the section to allow the appellee discretion in assessing a penalty for the drug infraction. Therefore, the arbitrator found that the appellee violated the Collective Bargaining Agreement when it dismissed the appellant without considering any mitigating factors.
As the arbitrator found that the appellee violated Article 24.9, it was within her jurisdiction to fashion an appropriate remedy for the violation. The agreement conferred authority on the arbitrator, under Section 5.9, to determine an appropriate remedy for a violation of the Agreement. Thus, the record shows that the arbitrator did not exceed her authority. As such, the arbitration award cannot be vacated under section 682.13(l)(c). Accordingly, we reverse and remand with directions to confirm the arbitrator’s award.
REVERSED and REMANDED.
KAHN, BROWNING and LEWIS, JJ., concur.