KLEIN, J.
After appellant was demoted by the sheriff, the Broward County Police Benevolent Association, pursuant to a collective bargaining agreement, filed a grievance on his behalf which was submitted to arbitration. The arbitrator found in favor of appellant; however, the circuit court vacated the arbitration award without explanation. We reverse.
Appellant was permanently demoted as a result of comments he had made at the workplace which violated department policy. Appellant’s position was that his remarks were harmless, and that other employees had done the same thing, or worse, without being disciplined.
The matter was then submitted to arbitration, and the arbitrator found that, although the sheriffs office acted in good faith in attempting to enforce its policy, the facts did not constitute just cause for permanent loss of rank. The arbitrator concluded that no more than a temporary demotion and training were warranted. The arbitrator ordered appellant restored to his rank, but out of deference to the sheriffs office’s good faith, denied back pay or benefits. The sheriff then filed a petition in circuit court to vacate the arbitrator’s award.
The parties agree that the court’s authority to vacate the award is governed by section 682.13, Florida Statutes (2000). The circuit court gave no reason for vacating the award, but the sheriff argues that the arbitrator exceeded his power. § 682.13(c). We are unable to comprehend this argument. The sheriff acknowledges that, under the collective bargaining agreement, the arbitrator was authorized to determine if there was “just cause” to demote appellant. Inherent in that authority is the ability to determine whether a violation of a policy was serious enough *661 to justify demotion or should have resulted in a lesser penalty.
A similar situation was presented in Amalgamated Transit Union, Local 1593 v. Hillsborough Area Regional Transit Authority, 450 So.2d 590 (Fla. 2d DCA 1984), in which the contract language giving the employer the right to discipline for just cause was essentially the same as the language in this case. In that case the arbitrator found that the employee had committed an offense which warranted punishment, but that the punishment given by the employer had been too harsh. The circuit court vacated the award on the ground that the arbitrator had exceeded his authority, but the second district reversed, holding that the circuit court had gone beyond its authority under our arbitration statutes. The court’s reasoning was approved by the Florida Supreme Court in Schnurmacher Holding, Inc. v. Noriega, 542 So.2d 1327 (Fla.1989).
The other reasons advanced by the sheriff for affirmance do not merit discussion. Reversed.
WARNER and POLEN, JJ., concur.