987 So.2d 152 (2008)
Victor RAYNOR, Appellant,
v.
FLORIDA STATE LODGE, Fraternal Order of Police, and Atlantic Beach Police Department, City of Atlantic Beach, Florida, Appellees.
Victor Raynor and Florida State Lodge, Fraternal Order of Police, Appellants,
v.
Atlantic Beach Police Department, City of Atlantic Beach, Florida, Appellee.
Nos. 1D07-1439, 1D07-3776.
District Court of Appeal of Florida, First District.
July 15, 2008.
T.A. "Tad" Delegal, III, of Delegal Law Offices, P.A., Jacksonville, for Appellant.
*153 Michael J. Roper and Kara D. Rogers, of Bell, Roper & Kohlmyer, P.A., Orlando, for Appellee.
BROWNING, C.J.
These consolidated appeals are from two orders of the circuit court, one vacating an arbitration award, and the other confirming a second arbitration award. We reverse the first order, and quash the second, for the reasons below.

Background and Facts
Appellant Victor Raynor was a police officer accused of using inappropriate force. He was at first counseled "verbally" and recommended for anger counseling, but after an internal investigation he was fired. He grieved the decision, and, under the applicable collective bargaining agreement (CBA), the case went to arbitration. After a hearing, the arbitrator found that Raynor was guilty of the misconduct of which he had been accused, but that the job termination was an inappropriate punishment.
In support, the arbitrator produced an extensive and thoughtful order. Therein he noted the tension between articles 9.1 and 11.2(d) of the CBA, which read as follows:
The Employer has the right to discharge, suspend or otherwise discipline employees for just cause. The Employer shall consider, among other things, the seriousness and frequency of offenses when determining the appropriate discipline, which may include a warning, suspension or immediate discharge. Employees are not entitled to a particular number of warnings prior to the imposition of discipline, including discharge.
* * *
If the subject of the grievance submitted to arbitration concerns disciplinary measures (including discharge) taken against one or more employees, the Arbitrator is only empowered to pass upon whether the employee or employees concerned actually committed, participated in, or were responsible for the act of misconduct. The Arbitrator has no authority to pass upon the nature, extent, or severity of the disciplinary measure(s) taken, such determination being solely a managerial prerogative. If the Arbitrator finds that the employee has not committed, participated in, or was not responsible for, the act of misconduct for which he has discipline [sic], the Arbitrator has the power to make the employee or employees whole, including ordering back pay (less compensation received from any other sources) for time lost, and reinstatement when applicable.
The arbitrator acknowledged that while article 9.1 requires there be just cause for discipline, article 11.2(d) seems to limit an arbitrator's ability to consider the severity of the disciplinary measure taken. However, the arbitrator reconciled the two by noting it was "well-settled" that arbitrators have the authority and obligation to modify or rescind a penalty where the employer's decision was arbitrary or violated due process, and by recognizing colleagues' interpretations of similar provisions to mean arbitrators must examine due process concerns and the employer's good faith. In applying these thoughts, the arbitrator found the misconduct was unintentional and isolated, that the employer did not follow the CBA's requirements that it consider the "seriousness and frequency" of the offense or the possible use of progressive discipline, and that double jeopardy concerns precluded termination.
Despite the arbitration award, the police department did not reinstate Raynor. *154 Raynor and the Fraternal Order of Police together petitioned the circuit court to confirm the award, and the police department filed a counterclaim and motion to vacate, alleging that the arbitrator exceeded his powers under the CBA by conducting a "just cause" analysis, that double jeopardy does not apply here, and that the award was against public policy. The circuit court granted the police department's motion, reasoning that the arbitrator had exceeded his powers. The circuit court based its decision on section 682.13(1)(c), Florida Statutes, which provides that "[u]pon application of a party, the court shall vacate an award when . . . [t]he arbitrators or the umpire in the course of her or his jurisdiction exceeded their powers."
Raynor filed a timely notice of appeal, but, notwithstanding the fact that an appeal was pending, the arbitrator entered an amended award affirming the termination and setting aside the previous award. Raynor and the Fraternal Order of Police moved to vacate the amended arbitration award, but the circuit court granted the police department's counter-motion to confirm the award.

Analysis
We reverse the circuit court's ruling on the first motion to vacate the amended arbitration award because the arbitrator did not exceed the scope of his authority. "[An] arbitrator's award settling a dispute with respect to the interpretation or application of a labor agreement must draw its essence from the contract. . . ." United Paperworkers Int'l Union, AFL-CIO v. Misco, Inc., 484 U.S. 29, 38, 108 S.Ct. 364, 98 L.Ed.2d 286 (1987). Thus, the proper inquiry here is whether the arbitrator was arguably construing or applying the terms of the CBA. See id. "So far as the arbitrator's decision concerns construction of the [CBA], the courts have no business overruling him because their interpretation of the contract is different from his." United Steelworkers of Am. v. Enter. Wheel & Car Corp., 363 U.S. 593, 599, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960).
In conducting his analysis, the instant arbitrator interpreted the language of the CBA to mean he could determine whether the discipline was justified only if he could also consider the severity of the discipline. Many Florida state courts have taken the view that such a "just cause" analysis is a permissible interpretation of a collective bargaining agreement. See, e.g., Commc'ns Workers of Am. v. City of Largo, 463 So.2d 454 (Fla. 2d DCA 1985); Amalgamated Transit Union v. Hillsborough Area Reg'l Transit Auth., 450 So.2d 590 (Fla. 2d DCA 1984). Although the CBAs in those cases may have had slightly different wording from the instant CBA, the circumstances are similar enough to show that, arguably, the instant arbitrator was attempting to construe the CBA when he made his ruling.
Similarly, the arbitrator's analysis of due process and the principle of double jeopardy did not exceed the scope of his powers. The arbitrator arguably may have construed Article 9.1 of the CBA to require the employer to make a thorough and impartial evaluation of the seriousness of the offense. And application of the double jeopardy concept ultimately "draw[s] its essence from the contract" because the CBA incorporates by reference section 112.532(4)(a), Florida Statutes, requiring written notice of disciplinary action.
Accordingly, we reverse the circuit court's order vacating the first arbitration award and remand for further proceedings on that award. We quash the circuit court's second order because it was entered without jurisdiction. While the appeal of the first order was pending in this *155 Court, the circuit court had no jurisdiction to continue to act on this case. Florida Rule of Appellate Procedure 9.600(a) provides that a lower tribunal has concurrent jurisdiction with this Court only for procedural matters; this matter was not procedural. And Rule 9.600(b) provides that this Court "by order may permit the lower tribunal to proceed with specifically stated matters during the pendency of the appeal"; this Court never ordered the circuit court to do so.
We therefore REVERSE AND REMAND the circuit court's order dated March 1, 2007, and QUASH the circuit court's order dated June 27, 2007.
KAHN and THOMAS, JJ., concur.