VAN NORTWICK, J.
 

 Frank and Joyce Rose appeal a final judgment which denied relief on their complaint for breach of contract against their former attorney, Walter A. Steigleman, ap-pellee. Among other things, the Roses argue that the trial court erred in construing the terms of the parties’ representation
 
 *645
 
 agreement to authorize a contingent fee of 40 percent, rather than BB 1/3 percent, of the recovery in a personal injury action. We agree and reverse.
 

 The facts of this case are not in dispute. The Roses were involved in a motor vehicle accident and retained Steigleman to represent them in the ensuing personal injury action. The Roses and Steigleman entered into a representation agreement which provided as follows concerning the contingent fees payable under the agreement-.
 

 FEE:
 

 As compensation for services, I agree to pay said attorney a contingent fee computed as follows: (1) 33 1/3% of any recovery up to $1 million through the time of filing of an answer or the demand for appointment of arbitrators; (b.) 40% of any recovery up to $1 million through the trial of the case; (c.) 30% of any recovery between $1-2 million; (d.) 20% of any recovery in excess of $2 million; (e) if all defendants admit liability at the time of filing an answer and request a trial only on damages; (I) 33 1/3% of any recovery up to $1 million through trial; (ii) 20% of any recovery between $1-2 million; (iii) 15% of any recovery in excess of $2 million; (f) an additional 5% of any recovery after notice of appeal is filed or post-judgment relief or action is required for recovery on the judgment.
 

 In the personal injury action, Steigle-man filed a complaint on behalf of the Roses and engaged in protracted settlement negotiations with counsel for the defendants. The defendants in the personal injury action did not file an answer and Steigleman did not seek to compel the filing of an answer. Eventually, a settlement was reached, and the Roses recovered $287,770. Steigleman retained $115,108.00 as his attorney’s fee, which represented 40 per cent of the settlement proceeds.
 

 Believing that Steigleman was entitled to retain only 33 1/3 per cent of the settlement recovery under the terms of the representation agreement, the Roses retained other counsel and brought suit against Steigleman raising claims of civil theft and breach of contract. The Roses voluntary dismissed the civil theft claim, and the remaining breach of contract claim was heard at a bench trial. After receiving a stipulation of evidence, the trial court entered a final judgment in favor of Steigle-man, construing the contract as authorizing a contingent fee of 40 percent of the settlement proceeds under the facts of this case. In pertinent part, the trial court found that “the language in the contract ‘through the time of filing of an Answer’ deals with a time frame and does not require the actual filing of an Answer to bring the 40% provision into effect.... ” Thus, the trial court found that Steigleman did not breach the contract.
 

 A trial court’s interpretation of a contract is a matter of law and is thus subject to
 
 de novo
 
 review.
 
 Imagine Ins. Co., Ltd. v. State ex rel. Dept. of Financial Services,
 
 999 So.2d 693 (Fla. 1st DCA 2008);
 
 Jenkins v. Eckerd Corp.,
 
 913 So.2d 43 (Fla. 1st DCA 2005). The determination of whether a contract, or a term therein, is ambiguous or not also presents a question of law subject to
 
 de novo
 
 review.
 
 See Imagine Ins. Co.; Strama v. Union Fid. Life Ins. Co.,
 
 793 So.2d 1129 (Fla. 1st DCA 2001). “(I]f the facts of the ease are not in dispute, the court will also be able to resolve the ambiguity as a matter of law.”
 
 Strama,
 
 793 So.2d at 1132;
 
 see also Imagine Ins. Co.
 
 and
 
 Team Land Dev., Inc. v. Anzac Contractors, Inc.,
 
 811 So.2d 698 (Fla. 3d DCA 2002).
 

 
 *646
 
 As noted, in the underlying personal injury case, no answer was filed in response to the Roses’ complaint. Steigle-man argues that he was entitled to retain a 40 percent fee because the time for filing an answer under the rules of civil procedure had expired by the time a settlement was reached and, alternatively, because he extended the opposing side an extension of time for filing an answer for so long as settlement negotiations continued. Stei-gleman asserts that a 40 percent contingency fee would be authorized under rule 4-1.5(f)(4)(B), Rules Regulating the Florida Bar, which governs contingency fee contracts, and that the subject contingency fee contract should be interpreted in accordance with the rule. Rule 4 — 1.5(f)(4)(B) provides in pertinent part:
 

 (B) The contract for representation of a client in a matter set forth in subdivision (f)(4) may provide for a contingent fee arrangement as agreed upon by the client and the lawyer, except as limited by the following provisions:
 

 (i) Without prior court approval as specified below, any contingent fee that exceeds the following standards shall be presumed, unless rebutted, to be clearly excessive:
 

 [[Image here]]
 

 b. After the filing of an answer or the demand for appointment of arbitrators or, if no answer is filed or no demand for appointment of arbitrators is made, the expiration of the time period provided for such action, through the entry of judgment:
 

 1. 40% of any recovery up to $1 million; plus
 

 2. 30% of any portion of the recovery between $1 million and $2 million; plus
 

 3. 20% of any portion of the recovery exceeding $2 million.
 

 Rule 4-1.5(f)(4)(B), Florida Rules Regulating the Florida Bar (2003).
 

 Thus, under this rule, a contingent fee agreement may provide for a contingent fee of 40 percent of any recovery if no answer is filed and the time period for filing an answer has expired. If the contract here had adopted the language of the rule, we would agree with Steigleman’s argument. The contract before us, however, differs from the rule. The representation agreement provides that Steigleman will be paid “33 1/3% of any recovery ... through the time of filing of an answer....” The agreement does not provide for the situation in which no answer is filed, but the time period for filing an answer has expired. Accordingly, under the unambiguous language of the contract, because no answer was filed, Steigleman’s fee was limited to 33 1/3 percent of the recovery. Thus, Steigleman, by retaining 40 percent of the settlement recovery, breached the terms of the representation agreement.
 

 Accordingly, the final judgment under review is reversed, and the cause is remanded for entry of judgment in the Roses’ favor on their breach of contract claim. Because the Roses sought attorney’s fees, costs, prejudgment and post-judgment interest on their claim for breach of contract, on remand the trial court is permitted to take evidence on the extent of damages and the amount of fees, costs and interest, if any, owed by Steigle-man. Because of our holding on the contract claim, we do not reach the other issues raised on appeal.
 

 REVERSED and REMANDED with instructions.
 

 WOLF and ROBERTS, JJ., concur.