WETHERELL, J.
Columbia Bank (“the bank”) appeals the dismissal of this Columbia County foreclosure action against Appellees. The bank argues that the trial court erred in construing a settlement agreement arising out of unrelated Suwannee County litigation involving the bank and one of the Appel-lees, Gerald M. Smith, Jr. (“Smith Jr.”), to require dismissal of this case. We agree. Accordingly, we reverse the dismissal order and remand for further proceedings.
In October 2007, the bank loaned money to Appellee Columbia Developers, LLC, for the development of commercial property in Columbia County. The loan was secured by a mortgage on the property. Additionally, the members of Columbia Developers — Appellees Jock Phelps, Gerald M. Smith Sr., and Smith Jr. — each executed personal guarantees of the loan.
After Columbia Developers failed to make the loan payment due in January 2009, the bank filed this foreclosure action. As an affirmative defense, Appellees alleged that the bank misappropriated funds paid towards the loan and converted those funds for its own purposes. Appellees raised these same claims in a slander of credit suit filed against the bank before the foreclosure action was filed.
In April 2011, the parties entered into a settlement agreement which they refer to as the “Developers Settlement Agreement.” As part of this agreement, the bank agreed to dismiss this foreclosure action and not seek deficiency judgments against Appellees, and Appellees agreed to dismiss their slander of credit suit. The agreement also required Columbia Developers to execute a deed conveying to the bank the property secured by the mortgage.
In September 2011, the bank filed a motion to enforce the Developers Settlement Agreement in which it alleged that Columbia Developers failed to execute the deed required by the agreement. In response, Columbia Developers provided the bank with a quit claim deed for the property secured by the mortgage.
In March 2012, the bank filed a second motion to enforce the settlement agreement in which it alleged that the quit claim deed contained errors in the legal descrip *672 tion of the property and that Columbia Developers refused to execute a corrected deed. The response filed by Appellees requested that the court dismiss this case because (1) they executed the deed as required by the Developers Settlement Agreement but the bank failed to dismiss this foreclosure action as required by that agreement, and (2) a subsequent agreement, referred to by the parties as the “NFLG Settlement Agreement,” was intended to release Appellees from claims such as those asserted in the bank’s motion.
The NFLG Settlement Agreement, executed in March 2012, arose out of litigation between the bank, Smith Jr., and several others, relating to the acquisition and development of property in Suwannee County. Except for Smith Jr., none of the parties to the NFLG Settlement Agreement were involved in the Columbia County project nor are they parties to this case.
At the hearing on the motion to enforce, the bank presented testimony that the quit claim deed executed by Columbia Developers did not comply with the Developers Settlement Agreement because it contained an error in the legal description of the property. Smith Jr. testified that the deed complied with the Developers Settlement Agreement and that, in any event, the Developers Settlement Agreement had been superseded by the NFLG Settlement Agreement. The bank responded with testimony that the NFLG Settlement Agreement only encompassed the Suwan-nee County litigation and was not intended to be a “global settlement” that superseded the Developers Settlement Agreement. The trial court was understandably confused by the conflicting testimony regarding the various projects and agreements.[1]
After the hearing, the trial court entered an order denying the bank’s motion to enforce and granting the relief requested by Appellees in their response to the motion. The court found that the NFLG Settlement Agreement “appears to encompass and supersede virtually all ‘agreements’ previously executed by the parties to this action, including the agreement [the bank] sought to enforce,” and based on that finding, the order directed the bank to “execute a Notice of Dismissal of all claims with prejudice, record a Satisfaction of Mortgage and provide [Appellees] with the original Promissory Note” in accordance with the NFLG Settlement Agreement.
The bank timely appealed this order. We directed the bank to show cause why the appeal should not be dismissed as premature since the order did not dismiss the case and contemplated additional proceedings or a subsequent order. The trial court thereafter entered a final judgment dismissing this case with prejudice, and we discharged the order to show cause and allowed the appeal to proceed.[2]
*673 The dismissal of this case was based solely on the trial court’s interpretation of the NFLG Settlement Agreement. Accordingly, our standard of review is de novo. See Rose v. Steigleman, 32 So.3d 644, 645 (Fla. 1st DCA 2010) (“A trial court’s interpretation of a contract is a matter of law and is thus subject to de novo review.”); see also Jenkins v. Eckerd Corp., 913 So.2d 43 (Fla. 1st DCA 2005).
The rules for construing contracts govern our interpretation of the NFLG Settlement Agreement. See Fivecoat v. Publix Super Mkts., Inc., 928 So.2d 402 (Fla. 1st DCA 2006); Williams v. Ingram, 605 So.2d 890 (Fla. 1st DCA 1992). The cardinal rule of contractual construction is that when the language of the contract is clear and unambiguous, the contract must be interpreted and enforced in accordance with its plain meaning. See Ferreira v. Home Depot/Sedgwick CMS, 12 So.3d 866, 868 (Fla. 1st DCA 2009) (“Contracts are to be construed in accordance with the plain meaning of the words therein, and it is never the role of the trial court to rewrite a contract to make it more reasonable for one of the parties.”).
The NFLG Settlement Agreement is clear and unambiguous. The agreement includes defined terms that dictate the scope of the agreement. Those terms— Property,[3] Loan Documents,[4] and Lawsuit [5] — refer only to the Suwannee County property and the litigation arising out of the loans and guarantees related to that property. Notably, the agreement does not refer to this Columbia County foreclosure case or the Columbia Developers’ property in any way.
We recognize that as consideration for the dismissal of the Suwannee County litigation, the bank agreed to:
release, remise, acquit and forever discharge Ross, Edwards, Smith [Jr.] and NFLG[6] and any heirs, agents, executors, administrators, attorneys, representatives, partners (including any and all general partners and limited partners), members, managing members, joint venturers, predecessors, successors, and assigns, of and from all claims, demands, debts, liabilities, actions and causes of action, of every kind and nature, accrued or unaccrued, now known or hereafter discovered, at law or in equity relating in any way to the Loan Documents and/or to the Property, including all claims and counterclaims that were made or could have been made in the Lawsuit.
(all emphasis added). However, by its terms, the release is limited to claims and causes of action “relating in any way to the Loan Documents and/or to the Property.”
Appellees argue that this Columbia County foreclosure action was related to the “Loan Documents” — and, thus, falls *674 within the scope of the release in the NFLG Settlement Agreement — because the guarantees executed by Smith Jr. contained “cross default language” such that a claim of default on the loan for the Suwan-nee County property constituted a default on Smith Jr.’s guarantee of the loan for the Columbia County property, and vice versa. We reject this argument.
First, the loan documents for the Su-wannee County project, including the guarantee allegedly executed by Smith Jr., are not part of the record on appeal. Second, it strains credibility to suggest that this Columbia County foreclosure action is “related to” the Suwannee County loan documents — and, thus, encompassed in the release — simply because there was one common guarantor between the projects. Third, even if this argument had merit, the release would only cover Smith Jr. because there is no evidence that the other Appel-lees had any involvement in the Suwannee County project or any connection to the “Loan Documents” or “Property” referred to in the NFLG Settlement Agreement.
Appellees further argue that the “relating in any way” language does not limit the release to those claims arising out of the Suwannee County project. In support of this argument, they cite to another paragraph in the NFLG Settlement Agreement which states:
The releases in this Agreement include, without limitation, any claims for breach of express or implied contract, breach of implied misrepresentation, negligence, negligent misrepresentation, breach of fiduciary duty, actual or constructive fraud, including, without limitation, common law fraud or fraud or manipulation asserted under any statutory theory under any federal or state law and including, without limitation, under any theory of primary, secondary or control person liability, estoppel, defamation, conspiracy, business or economic interference, violation of any federal or state banking law, rule or administrative regulation, violation of public policy and including for attorneys’ or other professional fees.
Appellees assert that this paragraph provides a broader release of claims and encompasses the claims raised in this case. We disagree. This paragraph is not an alternative, independent release of claims by the bank; it merely provides a list of potential types of claims that could be brought between the parties, but such claims would still need to relate in some way to the Loan Documents or the Suwan-nee County property in order for the release provision in the NFLG Settlement Agreement to apply.
Simply put, there is no reasonable construction of the NFLG Settlement Agreement that would encompass this Columbia County foreclosure action in the release contained in that agreement. Accordingly, the trial court erred in ordering dismissal of this case based on the NFLG Settlement Agreement.
In reaching this conclusion, we did not overlook Appellees’ argument that the NFLG Settlement Agreement excepted several pending cases from its scope and, because this Columbia County foreclosure case was not one of the excepted cases, the parties intended that it be included within the scope of the release. The main problem with this argument is that this case had already been settled and, thus, there was no reason to list it in the cases excepted from the release.
Nor did we overlook the possibility that the dismissal order could be affirmed on the alternative ground that Appellees met their obligations under the Developers Settlement Agreement. However, we conclude that we cannot affirm on this “tipsy coachman” basis because there was conflicting evidence as to whether the quit *675 claim deed executed by Columbia Developers complied with the Developers Settlement Agreement, and the trial court made no findings on this issue. We decline to resolve the conflicts in the evidence and determine in the first instance whether Appellees complied with the Developers Settlement Agreement. That is the responsibility of the trial court upon remand.
In sum, because the trial court erred in construing the NFLG Settlement Agreement to require dismissal of this foreclosure action, we reverse the dismissal order. This case is remanded for further proceedings on the bank’s motion to enforce the Developers Settlement Agreement.
REVERSED and REMANDED for further proceedings.
RAY[7] and MAKAR, JJ., concur.

. During a discussion of how this Columbia County case was related to the loan documents for the Suwannee County project and the NFLG Settlement Agreement, the trial court stated:
I will tell you all, you’re going to have to submit, I guess, written argument that tells me clearly what it is you're asking me to decide and why you think I should decide it a certain way and the basis on which you think I should rest it, because I have tracked this pretty well, but there just seems to be a lot of balls bouncing back and forth across the table. Some of them are golf balls and some of them are tennis balls, and there is a basketball or two, just to tell you how confused I am.

. The fact that the bank stipulated to the entry of the dismissal order does not preclude this appeal under the "invited error” doctrine as Appellees argue in their brief. It is clear from the record and the procedural context in which the dismissal order was entered that the bank did not consent to the dismissal for any purpose other than to perfect its appeal rights, and upon entry of the dismissal order, *673 the bank’s premature notice of appeal vested jurisdiction in this court to review the dismissal order and any earlier orders in this case. See Fla. R. App. P. 9.110(h) and (Z).

. "Property” is defined as a specific 40-acre parcel of land in Suwannee County.

. "Loan Documents” is defined as the promissory notes and mortgages to purchase and develop the Suwannee County property, two loan agreements to further secure the notes and the commercial guarantees signed by Smith Jr. and two others.

. “Lawsuit” is defined as the rescission action filed against the bank by Smith Jr. and the other guarantors on the Suwannee County project, as well as the bank's action to foreclose the mortgage on the Suwannee County property.

. Ross, Edwards, and Smith Jr. were the guarantors on the loan secured by the mortgage on the Suwannee County property, and NFLG was the borrower and mortgagor.