WETHERELL, J.
CitiMortgage, Inc. (the bank) appeals the final judgment in favor of Appellees J.L. Loper, Jeffrey Turner, and Linda Turner in this mortgage foreclosure case. The bank argues that the trial court erred in determining that its mortgage did not encumber Loper’s interest in the property that is the subject of the foreclosure action. We agree. Accordingly, we reverse the final judgment in part and remand for further proceedings.
In April 2007, the Turners acquired an undivided 1/2 interest in residential property on Gulfview Lane in Pensacola/Perdi-do Key from an entity controlled by Loper. Thereafter, the Turners executed a promissory note and mortgage in favor of the bank’s predecessor by merger, ABN AMRO Mortgage Group, Inc. (ABN). The mortgage purported to give ABN a security interest in the entire Gulfview Lane property, not just the Turners’ undivided 1/2 interest in the property. Loper was identified as a “Borrower” in the mortgage, and although he did not sign the promissory note executed by the Turners, he did sign the mortgage with the notation “Limited Purpose Execution.” The mortgage does not contain a specific explanation of this notation, but it does include the following provision regarding “co-signers”:
13. Joint and Several Liability; Cosigners; Successors and Assigns Bound. Borrower covenants and agrees that Borrower’s obligations and liability shall be joint and several. However, any Borrower who co-signs this Security Instrument but does not execute this Note (a “co-signer”): (a) is cosigning this Security Instrument only to mortgage, grant and convey the co-signer’s interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower can agree to extend, modify, forbear or make any accommodations with regard to the terms of this Security *504 Instrument or the Note without the cosigner’s consent.
In March 2010, the bank filed a complaint to foreclose the mortgage because the Turners defaulted on their obligation to repay the promissory note. The bank subsequently amended the complaint to seek cancellation of a preexisting “private mortgage” between the Turners and Lop-er.[1] Loper filed an answer asserting, among other things, that his 1/2 interest in the property could not be foreclosed because his signature on the mortgage was a “limited purpose execution the sole purpose of which was to enable [the Turners] to encumber their undivided 1/2 interest in the Subject Property.”
In February 2014, after a non-jury trial,[2] the trial court entered a final judgment in favor of Loper and the Turners. With respect to the foreclosure count, the trial court ruled that the bank “failed to establish that Defendant Loper’s limited execution of the mortgage operated to encumber Defendant Loper’s undivided 1/2 interest in the subject property.” The bank filed a timely appeal seeking review of this ruling.[3]
We review the trial court’s interpretation of the mortgage under the de novo standard of review. See Rose v. Steigleman, 32 So.3d 644, 645 (Fla. 1st DCA 2010) (“A trial court’s interpretation of a contract is a matter of law and is thus subject to de novo review.”). “The cardinal rule of contractual construction is that when the language of a contract is clear and unambiguous, the contract must be interpreted and enforced in accordance with its plain meaning.” Columbia Bank v. Columbia Developers, LLC, 127 So.3d 670, 673 (Fla. 1st DCA 2013). A contract is ambiguous when it is susceptible to more than one reasonable interpretation, but “where one interpretation of a contract would be absurd and another would be consistent with reason and probability, the contract should be interpreted in the rational manner.” BKD Twenty-One Mgmt. Co., Inc. v. Delsordo, 127 So.3d 527, 530 (Fla. 4th DCA 2012).
*505 Here, the language of the mortgage unambiguously provides that it covers the entire Gulfview Lane property, including the 1/2 interest in the property held by Loper. First, the property subject to the mortgage is described by its full legal description and street address and nothing in the description states that the bank’s security interest in the property excludes the 1/2 interest held by Loper or that it is limited to only the 1/2 interest held by the Turners. Second, Loper is included in the definition of “Borrower,” and the mortgage clearly states that the Borrower is mortgaging the property identified in the mortgage. Finally, Paragraph 13 of the mortgage specifically addresses the situation where, as here, a Borrower signs the mortgage, but not the nóte, and that paragraph makes clear that such a Borrower (here, Loper) is not obligated to pay the note, but that he is mortgaging his interest in the property described in the mortgage.
Contrary to Loper’s argument, the “Limited Purpose Execution” notation under his signature does not make the terms of the mortgage ambiguous. Instead, the notation supports the reasonable interpretation of the plain language of the mortgage that Loper executed the mortgage for the limited purpose of encumbering his 1/2 interest in the Gulfview Lane property, but not to obligate himself to repay the note executed by the Turners. To accept Loper’s interpretation of the meaning and effect of the “Limited Purpose Execution” notation — that he signed the mortgage as an accommodation to the Turners to allow them to encumber only their 1/2 interest— would render the terms in Paragraph 13 meaningless and re-write the property definition included in the mortgage.
Moreover, the interpretation advocated by Loper is unreasonable because his signature would not have been required for the Turners to mortgage only their 1/2 interest in the Gulfview Lane property. See Gonzalez v. Chase Home Fin. LLC, 37 So.3d 955, 957 (Fla. 3d DCA 2010) (noting that a cotenant may encumber his or her own undivided interest in a jointly owned property); Hamilton v. Hughes, 737 So.2d 1248, 1249-50 (Fla. 5th DCA 1999) (holding that a mortgage encumbered only one cotenant’s 1/2 interest in the subject property where only that cotenant signed the mortgage). Instead, Loper’s signature on the mortgage would only be necessary if Loper and the Turners intended to grant the bank a security interest in the entire property. Cf Hamilton, 737 So.2d at 1250 (explaining that one cotenant “cannot properly sell or dispose of more than his or her own interest in the common property to a third person unless authorized to do so”).
In sum, because the plain language of the mortgage unambiguously gave the bank a security interest in the entire Gulf-view Lane property, the trial court erred in concluding that the bank was not entitled to foreclose on Loper’s 1/2 interest in the property. Moreover, because it is undisputed that the mortgage covered the Turners’ 1/2 interest in the property (and that they intended to encumber their interest in the property when they executed the mortgage and promissory note), the trial court also erred in entering judgment in favor of the Turners on the foreclosure count. Accordingly, we reverse the final judgment on the foreclosure count and remand for further proceedings. In all other respects the final judgment is affirmed.
AFFIRMED in part; REVERSED in part; REMANDED for further proceedings.
WOLF and BILBREY, JJ., concur.

.The circumstances giving rise to the private mortgage are as follows: Prior to executing the ABN mortgage, the Turners and Loper formed a partnership to "purchase, manage, and operate” the Gulfview Lane property. Loper contributed the property to the partnership, and the partnership agreement gave the Turners an undivided 1/2 interest in the property in exchange for $417,000, broken down as follows: $1,000 in cash, $329,000 promissory note to Loper secured by the private mortgage (i.e., "a vendor’s lien on the Turner interest in the property”), and an $87,000 personal guarantee payable by the Turners to Loper upon sale or foreclosure of the property. The partnership agreement provided that the Turners would ”[i]mmediately ... refinance” the loan from Loper with a $417,000 loan secured by a mortgage on the, property, with the proceeds of the new loan being used to repay the loan from Loper whereupon the private mortgage would be cancelled. The record contains a closing statement for the ABN loan indicating that approximately $322,000 of the proceeds of the loan was designated as a "[playoff to Mr. Loper”; however, in his answer, Loper disputed the closing statement and asserted that the private mortgage was not paid in full or satisfied.

. The Turners did not participate in the trial, nor have they participated in this appeal.

. The bank stated in an amended notice of appeal that it was also seeking review of an order entered by the trial court in a partition action between Loper and the Turners that was consolidated with the foreclosure case, but prior to filing its initial brief, the bank "voluntarily dismissed” its appeal of the partition order. The bank did not raise any issue with the partition order in its brief, nor did the bank’s brief challenge the trial court’s ruling that it did not meet its burden of proof on the count seeking cancellation of the private mortgage. Accordingly, we affirm those rulings without further comment.