# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D17-2965

_____

LAKE CITY FIRE & RESCUE
ASSOCIATION, LOCAL 2288,
INTERNATIONAL ASSOCIATION OF
FIRE FIGHTERS,

    Appellant,

    v.

CITY OF LAKE CITY, FLORIDA,

    Appellee.

_____

On appeal from the Circuit Court for Columbia County.
Paul S. Bryan, Judge.

March 8, 2018

WETHERELL, J.

    Appellant (the union) seeks review of the final judgment which vacated the portion of an arbitration decision that reduced the discipline imposed by Appellee (the city) on a firefighter. We affirm because the trial court correctly determined that the arbitrator exceeded his authority by reducing the discipline.

## I

    The union and the city entered into a collective bargaining agreement (CBA) covering the city's non-supervisory fire and rescue personnel. The CBA provides that the city retains its

right "to suspend, demote, discharge or take other disciplinary action against employees for just cause" and it includes a grievance procedure for challenging disciplinary action taken by the city. The grievance procedure includes a right to arbitration, but the scope of the arbitration is expressly circumscribed by section 16(c) of article 26 of the CBA, which provides: "In the case of a grievance arising from a discipline, the arbitrator shall not have the authority to alter or amend the discipline, but may only determine whether the employee engaged in the misconduct alleged." Additionally, the arbitrator's authority to interpret the CBA is expressly limited by section 14 of article 26 of the CBA, which provides: "The arbitrator, in reaching a ruling, may not so interpret the specific provisions of this Agreement that the practical result is a modification of any of its terms, nor may he add or delete from those provisions as set forth in the Agreement."

In 2015, the union filed a grievance challenging the city's termination of a firefighter for misconduct. The case proceeded to arbitration, and after the arbitration hearing, the arbitrator determined that the firefighter "engaged in totally inappropriate behavior" amounting to "serious misconduct." However, the arbitrator also determined that the discipline imposed by the city was "excessive," and he directed the city to reinstate the firefighter with back pay, subject to a 90-day unpaid disciplinary suspension.

The city filed a circuit court action to vacate the portion of the arbitration decision that reduced the firefighter's discipline. The city argued that the arbitrator exceeded his authority under the CBA by reducing the discipline. The trial court agreed and vacated the portion of the arbitration decision that reduced the firefighter's discipline. The court thereafter entered a final judgment confirming the arbitration decision as modified to reflect the denial of the grievance based on the arbitrator's finding that the firefighter committed misconduct warranting discipline. The effect of the final judgment was that the firefighter's termination was upheld.

This appeal followed.

2

## II

A trial court's authority to vacate an arbitration decision is limited to the grounds set forth in section 682.13(1), Florida Statutes. *Schnurmacher Holding, Inc. v. Noriega,* 542 So. 2d 1327, 1328 (Fla. 1989). Paragraph (d) of the statute provides that the decision shall be vacated "if . . . [a]n arbitrator exceeded the arbitrator's powers." § 682.13(1)(d), Fla. Stat. (2015). "[A]n arbitrator exceeds his or her power under [paragraph (d)] when he or she goes beyond the authority granted by the parties or the operative documents and decides an issue not pertinent to the resolution of the issue submitted to arbitration." *Schnurmacher Holding*, 542 So. 2d at 1329. The question of whether the arbitrator exceeded his powers is a question of law that we review *de novo*. *Nash v. Fla. Atl. Univ. Bd. of Trs.*, 213 So. 3d 363, 366 (Fla 4th DCA 2017).

The rules governing contractual construction apply to the interpretation of arbitration provisions such as the one in the CBA in this case. *Seifert v. U.S. Home Corp.*, 750 So. 2d 633, 636 (Fla. 1999). "The cardinal rule of contractual construction is that when the language of the contract is clear and unambiguous, the contract must be interpreted and enforced in accordance with its plain meaning." *Columbia Bank v. Columbia Developers, LLC*, 127 So. 3d 670, 673 (Fla. 1st DCA 2013); *see also Ferreira v. Home Depot / Sedgwick CMS,* 12 So. 3d 866, 868 (Fla. 1st DCA 2009) ("Contracts are to be construed in accordance with the plain meaning of the words contained therein, and it is never the role of a trial court to rewrite a contract to make it more reasonable for one of the parties.").

Here, the CBA clearly and unambiguously circumscribes the arbitrator's power in cases arising from disciplinary action. The only issue the arbitrator has power to determine is whether the firefighter "engaged in the misconduct alleged," and the arbitrator has no authority to "alter or amend the discipline" imposed based on that misconduct. Accordingly, in this case, once the arbitrator determined that the firefighter committed the

3

misconduct alleged by the city, he was without power to reduce the discipline imposed by the city.[1]

We reject the union's argument that the scope of the arbitrator's authority under the CBA necessarily includes a determination of the severity of the discipline because the CBA references a "just cause" standard for disciplinary action. The fatal flaw in this argument is that the CBA does not authorize the arbitrator to determine whether there is just cause for *the discipline imposed by the city*; instead, the CBA only authorizes the arbitrator to determine the fact necessary for the city to have just cause to impose *any discipline—i.e.*, whether the firefighter engaged in the misconduct alleged. Had the parties intended for the arbitrator to determine the appropriate discipline for proven misconduct—or, as the arbitrator framed the issue in this case, "whether there was just cause for the termination and, if not, what shall be the remedy"—the CBA could have been easily written to say so.

We recognize that in *Raynor v. Florida State Lodge,* 987 So. 2d 152 (Fla. 1st DCA 2008), the court construed CBA language similar to that in article 26, section 16(c) of the CBA in this case to authorize the arbitrator to consider the severity of the discipline imposed by the employer in determining whether *that discipline* was justified. However, *Raynor* is distinguishable because the CBA in this case not only expressly limits the scope of the arbitration to a determination of whether the firefighter committed the misconduct alleged, but it also expressly precludes the arbitrator from interpreting the CBA in a way that adds, deletes, or has the practical effect of modifying any of the terms in the CBA. Accordingly, unlike *Raynor* (and the other cases relied on by the union[2]), the arbitrator in this case did not have

---

[1]  We summarily reject the union's argument that the city waived this issue at the arbitration hearing.

[2]  *See, e.g., Corpion v. Jenne*, 869 So. 2d 660, 660-61 (Fla. 4th DCA 2004) (explaining that the arbitrator had the authority to reduce the discipline imposed by the employer because the CBA in that case specifically authorized the arbitrator "to determine if there was 'just cause' to demote [the employee]"); *Simmons v.*

4

the authority to interpret the CBA to authorize him to determine whether the discipline imposed by the city was justified because that interpretation effectively reads out of the CBA the language stating that "the arbitrator shall not have the authority to alter or amend the discipline."

## III

In sum, because the arbitrator exceeded his authority when he reduced the discipline imposed by the city for the firefighter's misconduct, the trial court did not err when it vacated that portion of the arbitration decision. Accordingly, we affirm the final judgment confirming the arbitration decision as modified by the trial court.

---

*City of Avon Park*, 788 So. 2d 1076, 1078 (Fla. 2d DCA 2001) (explaining that the arbitrator had the authority to determine the appropriate discipline for the employee because, under the CBA in that case, the "disciplinary action" was the focus of the grievance provisions); *Brooks v. City of Tallahassee*, 778 So. 2d 1051 (Fla. 1st DCA 2001) (noting that the CBA in that case expressly "conferred authority on the arbitrator . . . to determine an appropriate remedy for a violation of the [CBA]"); *Commc'ns Workers of Am., AFL-CIO, Local 3172 v. City of Largo*, 463 So. 2d 454, 456 (Fla. 2d DCA 1985) (explaining that the arbitrator had the authority to reduce the discipline imposed by the employer because the CBA in that case expressly "empowers him with the authority to uphold the discharge or reinstate the employee"); *Amalgamated Transit Union, Local 1593 v. Hillsborough Area Reg'l Transit Auth.*, 450 So. 2d 590, 592 (Fla. 2d DCA 1984) (reversing judgment that rejected arbitrator's interpretation of the scope of his authority under the CBA to reduce the discipline imposed by employer because the CBA in that case "charge[d] the arbitrator with interpreting that agreement"); *McDonald v. Hardee Cty. Sch. Bd.*, 448 So. 2d 593, 595 (Fla. 2d DCA 1984) (rejecting argument that arbitrator exceeded his authority in modifying the employee's discipline because the parties stipulated that the issue for the arbitrator to resolve was whether the employee was discharged for just cause and, if not, "what shall be the appropriate remedy?").

5

AFFIRMED.

ROWE and JAY, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____


Paul A. Donnelly and James H. Sullivan, III of Donnelly & Gross, Gainesville, for Appellant.

Eric J. Holshouser and Michael J. Lufkin of Buchanan Ingersoll & Rooney PC, Jacksonville, for Appellee.