# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D2024-2730

_____

SHAWN RUSSELL,

 Appellant,

v.

FLORIDA DEPARTMENT OF
CORRECTIONS,

 Appellee.

_____

On appeal from the Circuit Court for Leon County.
Angela C. Dempsey, Judge.

November 26, 2025

OSTERHAUS, C.J.

Shawn Russell appeals a circuit court order reinstating his disciplinary dismissal after an arbitrator had overturned the Department of Correction's decision to terminate his employment. Russell argues that the arbitrator did not exceed his authority under the collective bargaining agreement (CBA) and Florida law by overturning the Department's decision. We affirm, however, because the arbitrator imposed a timeliness requirement in ruling against the Department inconsistent with the CBA and the limitations period expressly provided for disciplinary dismissals of correctional officers in Florida law, § 112.532(6)(a), Florida Statutes.

I.

On December 13, 2022, Russell fell asleep twice on the job, where he was assigned to do roving perimeter patrol in maintaining security at the Marion Correctional Institution. The Department notified Russell on February 21, 2023, of its intent to take disciplinary action against him and dismiss him. The parties subsequently met at a predetermination conference in March 2023 (*see* § 110.227(5), Florida Statutes), before the Department ultimately terminated Appellant's employment on June 14, 2023 (just over six months after the employment misconduct). In the wake of this decision, Russell filed a collective bargaining grievance against the Department pursuant to § 447.401 and proceeded to arbitration.

At the arbitration hearing, Russell sought mitigation of the penalty, arguing that his sleeping on the job was caused by prescribed medication. But the arbitrator found that Russell hadn't mentioned medical issues to his supervisor before or immediately after the December sleeping incident. The arbitrator concluded that Russell's claim lacked credibility and that "any mitigation for a lesser penalty would not be warranted."

But the arbitrator did not end his mitigation analysis there. Instead, the arbitrator faulted the Department for taking more than two months to initiate the disciplinary process with Russell and another three months to finalize the discipline. By taking this amount of time, the arbitrator concluded that the Department had failed to provide due process and that its "action of waiting and taking 6 months after the incident to terminate the Grievant was clearly capricious, unreasonable and absent of undue delay." For this reason, the arbitrator mitigated Russell's discipline down to a two-month unpaid suspension.

Following the arbitrator's decision, the Department sought judicial review in circuit court. The Department argued that the arbitrator exceeded his powers by taking up the due process issue and using it to mitigate the Department's lawful disciplinary action. The trial court agreed and vacated the arbitration award. It concluded that once the arbitrator confirmed that the Department possessed legal cause to terminate Russell, it lacked authority to alter the Department-decided discipline. The court

2

also found the arbitrator to have exceeded his authority by injecting due process concerns into the case and penalizing the Department for its compliance with law. Russell then filed his appeal.

II.

"A trial court's authority to vacate an arbitration decision is limited to the grounds set forth in section 682.13(1), Florida Statutes." *Lake City Fire & Rescue Ass'n, Local 2288 v. City of Lake City*, 240 So. 3d 128, 130 (Fla. 1st DCA 2018). Relevant here, the arbitration order shall be vacated where "[a]n arbitrator exceeded the arbitrator's powers." § 682.13(1)(d), Fla. Stat. "[T]he award of arbitrators in statutory arbitration proceedings cannot be set aside for mere errors of judgment either as to the law or as to the facts; if the award is within the scope of the submission, and the arbitrators are not guilty of the acts of misconduct set forth in the statute, the award operates as a final and conclusive judgment." *AFSCME Fla. Council 79, Am. Fed'n of State, Cnty. & Mun. Emps., AFL-CIO v. State, Dep't of Corr.*, 23 So. 3d 748, 755 (Fla. 1st DCA 2009) (quoting *Schnurmacher Holding, Inc. v. Noriega*, 542 So. 2d 1327, 1328 (Fla. 1989)). "The question of whether the arbitrator exceeded his powers is a question of law that [this Court] review[s] *de novo." Lake City Fire & Rescue,* 240 So. 3d at 130.

We interpret collective bargaining agreements, like the one at issue here, under the rules of contract law. *Id.* "The cardinal rule of contractual construction is that when the language of the contract is clear and unambiguous, the contract must be interpreted and enforced in accordance with its plain meaning." *Id.* (quoting *Columbia Bank v. Columbia Developers, LLC*, 127 So. 3d 670, 673 (Fla. 1st DCA 2013)). The central issue in this case involves an arbitrator's authority to mitigate an otherwise lawful dismissal if the arbitrator thinks the Department acted too slowly in meting out discipline.

The CBA here restricted the arbitrator's authority under law: "The arbitrator shall be without power or authority to make any decisions that are . . . [c]ontrary to or inconsistent with, adding to, subtracting from, or modifying, altering or ignoring in any way, the terms of this Agreement, or of applicable law or rules or

3

regulations having the force and effect of law." In turn, Florida law sets forth specific parameters governing the timing of disciplinary procedures when a corrections officer is under investigation. Specifically, the statute requires the Department to provide notice of intent to proceed with disciplinary action within 180 days: "If the agency determines that disciplinary action is appropriate, it shall complete its investigation and give notice in writing to the law enforcement officer or correctional officer of its intent to proceed with disciplinary action. . . . Notice to the officer must be provided within 180 days after the date the agency received notice of the alleged misconduct." § 112.532(6)(a), Fla. Stat. In this case, as found by arbitrator, the Department provided Russell notice of its intent to dismiss him within a few months after the incident, which easily met the 180-day statutory deadline. After receiving this notice, Russell sought and received a predetermination conference under § 110.227(5), after which the Department finalized its decision to dismiss Russell about three months later. All told, it took the Department just over six months, total, to effectuate Russell's dismissal here, whereas Florida law gave the Department roughly this same amount of time to simply notice its intent to dismiss Russell. Under these circumstances, given the CBA's language, we see no error in the trial court's conclusion that the arbitrator exceeded his authority because he enforced a limitations period requirement inconsistent with § 112.532(6).

In reaching this conclusion, we acknowledge Appellant's reliance upon *Raynor v. Florida State Lodge*, 987 So. 2d 152 (Fla. 1st DCA 2008). But that case does not counsel a different result. There, we found that the arbitrator had authority to consider a due process argument where different CBA language arguably allowed for it. *Id.* at 154. But here, the CBA constrains the arbitrator from ruling inconsistent with applicable law. And the timeliness restriction enforced by the arbitrator against the Department here was inconsistent with the limitations period provided in the statute for such disciplinary actions.

We thus AFFIRM the order vacating the arbitration award.

ROBERTS and WINOKUR, JJ., concur.

4

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____

Luke Newman of Luke Newman, P.A., Tallahassee, for Appellant.

Maria S. Hossain, Chief Legal Counsel, Department of Corrections, Tallahassee, for Appellee.